D. J. McDONALD v. MacARTHUR BROS. COMPANY.

(Filed 14 December, 1910.)

**Appeal and Error—Courts—Expression of Opinion—Interpretation of Statutes.**

> In this case the judge in charging the jury said, "I am not sure, and I frankly confess that I am not sure, that I understand fully the claim upon which the plaintiff bases the eleven thousand and some odd dollars": *Held*, this was not an expression of opinion prohibited by Revisal, 535, it not appearing that the expressions used were pertinent to the issue, or were prejudicial to appellant, or corroborative of an alleged error based upon his admitted ignorance, or failure to comprehend plaintiff's claim, upon which the law was incorrectly charged.

Walker, J., dissenting.

Appeal by plaintiff from *G. W. Ward, J.,* at the May Special Term, 1910, of McDowell.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*McCormick, Henson & Brown, Pless & Winborne for plaintiff.*
*Hudgins, Watson & Johnson, Justice & Broadhurst for defendant.*

Clark, C. J. The plaintiff rests his appeal upon one exception. In charging the jury his Honor used this language: "I am not sure, and I frankly confess that I am not sure, that I understand fully the claim upon which the plaintiff bases the eleven thousand and some odd dollars." The plaintiff contends that this is an expression of opinion by the judge upon the facts, which was forbidden by the act of 1796, ch. 452, now Rev., 535. That statute provides: "No judge in giving a charge to the petty jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proved, such matter being the true office and province of the jury."

The remark of his Honor was an expression of diffidence, and so far from intimating an opinion to the jury that any fact was or was not proven, it meant that he did not know whether

it had been proven or not. If the plaintiff had ground to allege that the judge had not charged the law correctly, this remark might be some corroboration of the alleged error based upon the judge's admitted ignorance, or failure to comprehend the plaintiff's claim. But it is certainly not an expression by the judge that any fact or facts had or had not been fully proven.

The plaintiff particularly relies upon *Powell v. R. R.,* 68 N. C., 395. In that case the judge said: "We have not been informed that the inspector was competent, etc." The Court on appeal justly observed that when a judge tells a jury, "We are not informed" of a fact upon which the jury must pass, "he can only mean that there is no evidence of that fact." That case is certainly not in point here. The judge does not say that he is not informed, that there is no evidence, but merely expresses a doubt whether he himself fully comprehends it. If his charge showed that he did not fully comprehend it and made an error of law in his instructions to the jury, against the plaintiff, in consequence, such error would be ground for exception; but the plaintiff made no such exception.

The prohibition in our statute against the judge's expressing an opinion upon the facts, in his charge to the jury, did not exist at common law, nor does it obtain in England or in the Federal Court, and indeed has been enacted in very few of the States of this Union. In this State, we have always held that the prohibition applies only to an expression of an opinion as to those facts which are pertinent to the issues to be decided by the jury, and the appellant must show that the remark was prejudicial to him. It does not appear here that the remark of the judge was an expression of an opinion whether any facts were or were not proven, nor that the remark was prejudicial. It is very usual for the judge in reciting the testimony to tell the jury that, notwithstanding his recital, the jury must take their own recollection of the evidence. His Honor evidently meant something of that kind here. Certainly, his expression of diffidence and modesty should not be counted unto him for bias or unrighteousness.

No error.

Walker, J., dissenting.