DIXON *v.* BROCKWELL; MARTIN *v.* BROCKWELL; WAKEFIELD *v.* BROCKWELL.

report is not properly exemplified. We do not think that the objection is tenable.

As stated, we have not thought it practicable to list all the exceptions brought forward by counsel within the space and time afforded. They have all been carefully examined and considered, and the investigation leads us to the conclusion that the record discloses

No error.

---

J. B. DIXON v. S. B. BROCKWELL AND STERLING M. BROCKWELL, T/A
TAR HEEL GAS & OIL COMPANY,
and
CARL M. MARTIN v. STERLING M. BROCKWELL;
and
GEORGE WAKEFIELD, JR., v. S. B. BROCKWELL AND STERLING M.
BROCKWELL, T/A TAR HEEL GAS & OIL COMPANY, AND S. M.
BROCKWELL, INDIVIDUALLY,
and
FRANK N. MARTIN v. STERLING M. BROCKWELL.

(Filed 5 June, 1947.)

**1. Automobiles § 22—**

Plaintiffs, guests in an automobile, brought this action against the owner of a truck involved in a collision with the car. On the issue of whether plaintiffs were injured by the negligence of defendant, the court in response to a question from a juror as to whether it would be possible to find "both parties" negligent, replied in the negative, and then correctly instructed the jury that if the jury found that the driver of the car and the driver of the truck were guilty of concurrent negligence, to answer the issue in the affirmative. *Held:* The conflicting instructions must be held for reversible error.

**2. Appeal and Error § 39f—**

Conflicting instructions upon a material aspect of the case must be held for reversible error.

**3. Automobiles § 22—**

Where guests in a car, having no control over its operation, and the driver of the car bring actions against the owner of a truck involved in a collision with the car, it is the better practice to try the actions by the guests separate from the action by the driver of the car, since in the guests' actions the issue of concurring negligence of the drivers is not germane, while in the action by the driver of the car the issues of negligence and contributory negligence arise.

**4. Appeal and Error § 47—**

Where a new trial is awarded certain appellants for error of law committed in the trial of one of the issues, and judgment against another

appellant is based upon that verdict, a new trial as to such other appellant will be necessarily awarded on his appeal.

APPEAL by plaintiffs in the four actions from *Rousseau, J.,* at November Term, 1946, of FORSYTH.

Four civil actions to recover for personal injuries allegedly sustained in a motor vehicle collision resulting from actionable negligence of defendant.

On the early morning of 15 August, 1943, a passenger car, owned and operated by Frank N. Martin, in which J. B. Dixon, Carl M. Martin, George Wakefield, Jr., A. B. Davis and Bob Wycoff were riding as guests of Frank N. Martin, but having no control of the operation of his car, traveling from Durham, N. C., toward Winston-Salem, N. C., on the Hillsboro highway, and a tractor-trailer truck, or tractor-tanker unit owned by defendant and operated by his agent in the business of transporting petroleum products, and loaded with gasoline, traveling toward Durham on said highway, collided on a curve at a point 7, 8 or 10 miles from Durham, in edge of Orange County, North Carolina, a short distance west of Eno station, resulting in injury to the driver and passengers in the car.

Four separate actions were instituted by J. B. Dixon, Carl M. Martin, George Wakefield, Jr., and A. B. Davis, respectively, passengers in the car of Frank N. Martin, and another action was instituted by Frank N. Martin, all against the defendant, or defendants named in captions. By consent of counsel for all the parties all the cases so instituted were consolidated for trial. During the course of the trial the plaintiffs in the five actions submitted to voluntary nonsuits as to all defendants except Sterling M. Brockwell.

The several plaintiffs allege in their respective complaints, as acts of negligence proximately causing the collision in question, and on the trial offered evidence tending to show that as the tractor-trailer or tractor-tank unit of defendant approached the bridge over Stony Creek, and the point of impact, it was traveling at a speed of 50 to 60 miles per hour, and to its left side of the center line of the highway in the path of the car of Frank N. Martin, until too late to get back on its side of the highway.

On the other hand, defendant answering each of the several complaints, denies the allegations of negligence in each of the actions instituted by the passengers in the Martin car, and avers that, in so far as the plaintiffs, who were passengers in the Martin car are concerned, the sole and proximate cause of the collision, and, in so far as Frank N. Martin is concerned, that the proximate cause or one of the proximate causes of the collision was the negligent and unlawful manner in which the Martin car was being operated, in respects specifically set forth, and as to each plaintiff pleads contributory negligence, and on trial offered evidence in reference to these averments.

The case was submitted to the jury upon one set of eight issues. The first three issues were as follows:

"1. Were the plaintiffs, Carl M. Martin, J. B. Dixon, George Wakefield, Jr., and A. B. Davis, injured by the negligence of the defendant, S. M. Brockwell, as alleged in the complaints?

"2. Was the plaintiff, Frank N. Martin, injured and his property damaged by the negligence of the defendant, S. M. Brockwell, as alleged in the complaint?

"3. Did the plaintiff, Frank N. Martin, by his own negligence contribute to the injuries and damage sustained by him, as alleged in the answer?"

The last five were with respect to what damages, if any, is each plaintiff entitled to recover of the defendant.

When the charge of the court was concluded on Wednesday, before Thanksgiving, after hearing an expression of the jurors' wishes as to whether they preferred to commence their deliberations upon the issues on Friday morning, the court instructed the jury to return and commence deliberation on the issues on Friday morning.

The jury answered the first issue "No," but did not answer any other issue. Thereupon, the court signed judgment in favor of defendant in each of the several actions—and the several plaintiffs gave notice of appeal to Supreme Court. Plaintiff A. B. Davis abandoned his appeal. Plaintiffs J. B. Dixon, Carl M. Martin and George Wakefield, Jr., bring up one appeal and assign error, and plaintiff Frank N. Martin, a separate appeal, and assigns error.

*Elledge & Hayes for J. B. Dixon, appellant.*
*Hastings & Booe and W. S. Mitchell for Carl M. Martin, appellant.*
*Robert A. Merritt for George Wakefield, Jr., appellant.*
*Deal & Hutchins for Frank N. Martin, appellant.*
*Womble, Carlyle, Martin & Sandridge and Hudgins & Adams for Sterling M. Brockwell, appellee.*

WINBORNE, J. As to appeal by plaintiffs J. B. Dixon, Carl M. Martin and George Wakefield, Jr.:

These appellants assign as error, among others, the response of the court to a question from the jury.

In this connection it appears from the record that in charging the jury on Wednesday the court instructed the jury in respect to the first issue that if they, the defendant and Martin, "both were guilty of negligence, and their negligence proximately contributed to this event and brought this about and became one of the proximate causes, concurring and cooperating with one another's negligence, then it would be your duty to

answer this Yes." It also appears that after some deliberation on Friday morning, the jury returned into open court, and requested that the charge on the first issue be repeated,—saying that "there seems to be a little bit of misunderstanding on the charge" about what the law is as to negligence. Thereupon, the court proceeded to charge extensively in that respect,—including among many others an instruction in substance that if the jury should find by the greater weight of the evidence that defendant were guilty of negligence, that became one of the proximate causes of the injuries to plaintiffs Dixon, Carl Martin, Davis and Wakefield and that Frank N. Martin were guilty of negligence, that became one of the proximate causes, concurring with the negligence of defendant, then the jury answer the first issue Yes.

Then the court inquired of the jury if there were "any other matters." Whereupon, a juror asked this question: "Your Honor, in an issue of this kind' would it be possible to find both parties negligent?", to which the court replied: "No, sir, you could not." Exception 19. "Do you mean find both parties guilty of negligence and answer the issue?" Juror: "On issue No. 1?" The court: "On issue No. 1 is it possible to find both parties guilty of negligence on issue No. 1? Let me read this issue." Then the court proceeded to give instruction on the first issue in respect to concurrent negligence of defendant and plaintiff Martin, and then on the second and third issues and on the eighth issue as to damage, if any, Frank N. Martin is entitled to recover. And then the court concluded with the following: "You cannot find Carl M. Martin, J. B. Dixon, George Wakefield, Jr., and A. B. Davis guilty of any negligence. They had no control over either car, the truck or the passenger car. (As the court instructed you, if you answer this issue Yes, you would have to find it was the negligence of the defendant, his sole negligence, that became the proximate cause, or the defendant's negligence concurring with the negligence of Frank Martin, Frank Martin's negligence being one of the proximate causes. You would have to find that it was the defendant's sole negligence, or that it was the defendant's negligence and Frank Martin's negligence, concurring, proximately bringing about this injury to these plaintiffs to answer this issue Yes. If you find that it was the sole negligence of Frank Martin and not any negligence of the defendant, of course, you would answer issue No. 1, No, if the defendant did not proximately . . . did not and was not guilty of negligence, proximately bringing about this event)." That portion in parentheses constitutes Exception 23.

These plaintiffs contend that the charge, in the respects indicated, among others, is conflicting and calculated to confuse the jury,—particularly when, in answer to the question of the juror as to whether it would be possible to find both parties negligent, in considering the first issue, the court replied: "No, sir, you could not." After careful con-

sideration, this Court is of opinion that the charge so given is vulnerable to the attack made upon it. Was the jury to understand that if the jury should find that both the defendant and Frank N. Martin were negligent, and that the negligence of each concurred with that of the other as a proximate cause of the collision, the first issue could not be answered in the affirmative? The meaning is not clear and is susceptible of an interpretation inconsistent with other portions of the charge which are correct statements of the law. Defendant contends, on the other hand, that the charge taken as a whole may not be held for error. However, in this connection, the decisions of this Court uniformly hold that when there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted as the jury, which must take the law from the court, is not supposed to know which is the correct instruction. Hence, we must assume in such cases, in passing upon appropriate exception, that the jury, in coming to a verdict, was influenced by that portion of the charge which is incorrect. *S. v. Starnes,* 220 N. C., 384, 17 S. E. (2d), 346; *Templeton v. Kelley,* 217 N. C., 164, 7 S. E. (2d), 380, and numerous other cases cited therein.

It is appropriate to say that consideration of this appeal leads to the conclusion that it would be better to try the actions brought by these plaintiffs, passengers in the Frank N. Martin car, separately from the action brought by Frank N. Martin. This is so even though these plaintiffs make no allegation of negligence against Frank N. Martin. They elect to allege a cause of action for actionable negligence only against the defendant, and may recover only if they make good on these allegations, even if Frank N. Martin were negligent also, and that his negligence were a proximate cause of, and concurred in bringing about the collision in question. Hence the issue in their actions is one of negligence of defendant, and proximate cause, and concurring negligence of Frank N. Martin has no place in the trial of their causes. While, on the other hand, in the Frank N. Martin case, there are issues of negligence and contributory negligence which require appropriate instructions.

For error pointed out, there must be a new trial on this appeal.

As to appeal by plaintiff Frank N. Martin:

The judgment from which Frank N. Martin appeals is based upon the verdict on the first issue. Since there is error in respect to that verdict, and there is to be a new trial in the action to which the first issue relates, a new trial in the action brought by him necessarily follows.

On appeal by J. B. Dixon, Carl M. Martin and George Wakefield, Jr., New trial.

On appeal by Frank N. Martin, New trial.