HUBERT PACK AND BESSIE C. PACK, HIS WIFE, v. CLARENCE NEWMAN AND TRYON FEDERAL SAVINGS & LOAN ASSOCIATION.

(Filed 27 September, 1950.)

**1. Vendor and Purchaser § 7—**

A "marketable title" is one free from reasonable doubt in law or fact as to its validity; an "indefeasible title" is one which cannot be defeated, set aside, or made void.

**2. Descent and Distribution § 12: Escheat § 2: Judgments § 29—**

The law presumes that every decedent leaves heirs or next of kin capable of inheriting his property, and where this presumption has not been rebutted in an action, the rights of the heirs may not be precluded therein unless they are brought in and made parties in some way sanctioned by law.

**3. Trial § 11—**

The consolidation of two independent actions for judgment does not constitute them a single action, but they remain separate suits.

**4. Judgments § 18: Descent and Distribution § 12: Process § 5a—**

The fact that a suit by the University against an administrator to declare an escheat, in which the unknown heirs at law are served by publication, is consolidated for judgment with an independent action by a claimant against the estate *held* not to constitute the heirs at law parties to the claimant's action, and a consent judgment entered in claimant's favor is not binding upon the heirs, since in respect to claimant's action they were not brought into court in any way sanctioned by law.

**5. Descent and Distribution § 12: Executors and Administrators § 8: Judgments § 1—**

An administrator has no inherent interest in, title to, or control over the realty of his intestate, and therefore has no authority to enter a consent judgment adjudicating that a claimant against the estate is the owner of the fee of the lands of the estate.

**6. Descent and Distribution § 12: Judgments § 1—Consent judgment is contract of parties entered of record, and binds only those agreeing thereto.**

A suit by the University against an administrator to declare an escheat, in which the heirs at law were served by publication, was consolidated for judgment with a suit brought by a claimant against the estate for a monetary judgment, and a consent judgment was entered therein that claimant was the owner in fee of all the real estate left by deceased and that the University was entitled to all the other property by escheat. *Held:* Even conceding that the heirs at law were parties to the action, they are not bound by the consent judgment, since they were not parties to the agreement between the University, the claimant, and the administrator, entered upon the records of the court with its approval.

APPEAL by defendant, Clarence Newman, from *Rudisill, J.,* at the August Term, 1950, of POLK.

Submission of controversy without action under G.S. 1-250 to determine the rights of the parties in the sum of $250.00 held by the defendant, Tryon Federal Savings and Loan Association, as depositary.

The case agreed reveals these salient facts:

1. Sarah C. Dailey, the absolute owner of both real and personal property, died intestate at her domicile in Polk County, North Carolina, on 18 November, 1947. Her realty consisted of approximately 39 acres situated on Warrior Mountain in Polk County.

2. Shortly thereafter W. Y. Wilkins, Jr., qualified as administrator of Sarah C. Dailey before the Superior Court of Polk County.

3. The University of North Carolina brought a civil action against W. Y. Wilkins, Jr., administrator of Sarah C. Dailey, and "the unknown heirs of Sarah C. Dailey" in the Superior Court of Polk County on 29 March, 1949, and filed an answer therein, alleging that Sarah C. Dailey died without heirs or next of kin to inherit her property, and praying a judgment that by reason thereof all of her property had escheated to the University. "The unknown heirs of Sarah C. Dailey were brought into and made parties to said action by affidavits and orders and service of summons by publication." No persons claiming to be heirs or next of kin of Sarah C. Dailey answered or otherwise appeared in the action. Personal service was had upon the administrator of Sarah C. Dailey, who filed an answer virtually admitting the complaint of the University.

4. Edith L. Stalker brought a civil action against W. Y. Wilkins, Jr., administrator of Sarah C. Dailey, in the Superior Court of Polk County on 3 August, 1949, and filed a complaint therein, alleging facts sufficient to entitle her to a monetary judgment against the administrator for $16,234.64 on account of debts created by Sarah C. Dailey during her lifetime. Personal service of process was had upon the administrator,

who filed answer denying the material allegations of the complaint and pleading certain statutes of limitation and a counterclaim. No heirs or next of kin of Sarah C. Dailey were made parties to this action, or served with process therein.

5. The actions described in the preceding paragraphs were never tried and determined on their merits. Acting at the instance of the University of North Carolina, Edith L. Stalker, and the administrator of Sarah C. Dailey, the court entered a consent judgment at the January Term, 1950, of the Superior Court of Polk County consolidating the two actions "for judgment" and making these adjudications: (1) That Edith L. Stalker is "the owner in fee of the real estate left by the deceased, Sarah C. Dailey"; and (2) that "all other property of the estate of Sarah C. Dailey, deceased, shall escheat to and be the property of the University of North Carolina."

6. The settlement embodied in the judgment mentioned in the preceding paragraph was effected by the University of North Carolina, Edith L. Stalker, and the administrator of Sarah C. Dailey without the assent of any heir or next of kin of Sarah C. Dailey. Furthermore, none of her heirs or next of kin consented to the entry of such judgment.

7. Subsequent to the entry of the consent judgment, to wit, on 6 July, 1950, Edith L. Stalker and her husband, John N. Stalker, executed a deed sufficient in form to vest the title to the lands whereof Sarah C. Dailey died seized and possessed in the plaintiffs, Hubert Pack and his wife, Bessie C. Pack, in fee simple.

8. Thereafter, to wit, on 22 July, 1950, the plaintiffs signed, sealed, and delivered to the defendant, Clarence Newman, a deed purporting to convey the same realty to such defendant in fee simple.

9. The deed from the plaintiffs to the defendant, Clarence Newman, was based upon a valuable consideration. Simultaneously with its execution, a part of the consideration, to wit, $250.00, was deposited with the defendant, Tryon Federal Savings and Loan Association, pending an agreement between the plaintiffs and the defendant, Clarence Newman, in respect to the title to the lands described in the deed. When the deposit was made, the parties to this action "agreed that said sum would be paid over to the plaintiffs if the deed vested a marketable and indefeasible title to said property in the grantee named therein, and . . . that in the event said deed did not convey such title, the said sum would be paid over to the grantee, Clarence Newman, to be used in doing such things as might be necessary in connection with clarifying the title."

10. The parties to this action have been unable to agree as to whether the deed in question vested "in the defendant, Clarence Newman, a marketable and indefeasible title . . . to the property therein described." In consequence, a real controversy has arisen between the plaintiffs and

the defendant, Clarence Newman, as to the ownership of the sum deposited with the defendant, the Tryon Federal Savings and Loan Association, which has refused to pay such sum to either the plaintiffs or the defendant, Clarence Newman, until the rights of the parties therein are established. For those reasons, this controversy without action is submitted to the court by the parties in good faith in order that such rights may be judicially determined.

The court below adjudged on the case agreed "that under the judgment and deeds above mentioned there is vested in Clarence Newman a marketable and indefeasible title in fee simple to the property described" in the deed in question, and ordered the defendant, the Tryon Federal Savings and Loan Association, to pay the sum deposited with it to the plaintiffs. The defendant, Clarence Newman, excepted to this judgment and appealed, assigning error.

*M. R. McCown for the plaintiffs, appellees.*
*J. Clyde Going for the defendant, Clarence Newman, appellant.*

ERVIN, J. Under the agreement of the parties, the judgment awarding the sum in controversy to the plaintiffs cannot be sustained on this appeal unless the deed from the plaintiffs to the defendant Clarence Newman vested in the latter "a marketable and indefeasible title" to the real property whereof Sarah C. Dailey died seized and possessed.

A "marketable title" is one free from reasonable doubt in law or fact as to its validity. *Winkler v. Neilinger,* 153 Fla. 288, 14 So. 2d 403. An "indefeasible title" is a title which cannot be defeated, set aside, or made void. *In re Van Cott's Estate,* 89 N.Y.S. 2d 425, 194 Misc. 984.

The law presumes that every decedent leaves heirs or next of kin capable of inheriting his property. *Warner v. R. R.,* 94 N.C. 250; *University v. Harrison,* 90 N.C. 385. This presumption has not been rebutted in the case at bar. Hence, it is to be assumed on the present record that Sarah C. Dailey was survived by heirs, who took title to her real property at her death. For these reasons, the parties correctly concede that the validity of the judgment in the present action hinges upon the question of whether or not the heirs of Sarah C. Dailey are precluded from asserting title to her realty by the judgment entered in the former actions at the January Term, 1950.

The complaint of the University of North Carolina in its action against W. Y. Wilkins, Jr., administrator of Sarah C. Dailey, and the unknown heirs of Sarah C. Dailey, set up one cause of action, and the complaint of Edith L. Stalker in her action against W. Y. Wilkins, Jr., administrator of Sarah C. Dailey, alleged a different cause of action. When the court consolidated the two independent actions for judgment at the instance

of the University of North Carolina, Edith L. Stalker, and W. Y. Wilkins, Jr., administrator of Sarah C. Dailey, the actions did not become one action. They remained separate suits. *Williams v. R. R.,* 144 N.C. 498, 57 S.E. 216, 12 L.R.A. (N.S.) 191, 12 Ann. Cas. 1000.

The adjudication that Edith L. Stalker owned the real property left by Sarah C. Dailey was necessarily made in her suit against the administrator, for she was not a party to the other action in which the University was suing the administrator and the heirs of the decedent. This being true, the adjudication as to the state of the title is not binding upon the heirs of Sarah C. Dailey, for they were not parties to the action between Edith L. Stalker and the administrator, and were not brought into court in that action in any of the ways sanctioned by law. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311; *Casey v. Barker,* 219 N.C. 465, 14 S.E. 2d 429; *Groce v. Groce,* 214 N.C. 398, 199 S.E. 388.

In reaching this conclusion, we have not overlooked the argument of the plaintiffs that the adjudication made in the action between Edith L. Stalker and the administrator binds the heirs of the decedent because that action was consolidated for judgment with the suit of the University against the administrator and the heirs in which the heirs were served with summons by publication. A similar contention was rightly rejected by the Supreme Court of Washington with these observations: "Neither this court nor any other court, so far as we are advised, has ever held that a judgment on a complaint, cross-complaint, or complaint in intervention setting up an independent cause of action may be rendered without service on any necessary party merely because the case in which it is filed was consolidated with an action by another party on a different cause of action, in which such service had been made. Such a holding would impinge the constitutional guaranty of due process of law." *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 P. 854.

The court based the adjudication as to the title to the real property owned by Sarah C. Dailey at the time of her death upon the expressed consent of her administrator. Under the law, an administrator has no inherent interest in, title to, or control over the realty of his intestate. *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176; *Floyd v. Herring,* 64 N.C. 409. This being so, the administrator of Sarah C. Dailey had no authority to consent to such adjudication, and such adjudication is a nullity.

The legal standing of the plaintiffs is not a whit bettered by an acceptance of the view that the adjudication as to the title to the land left by the decedent was made in the action brought by the University in which the heirs were served with summons by publication.

The judgment containing the adjudication is not a decree on the merits. It is simply a consent judgment embodying a compromise effected by the University, Edith L. Stalker, and the administrator without the assent

of the heirs of Sarah C. Dailey. The judgment is, therefore, merely a contract between the University, Edith L. Stalker, and the administrator entered upon the records of the court with its approval. *Lee v. Rhodes,* 227 N.C. 240, 41 S.E. 2d 747.

Since they were not parties to the contract and did not consent to the judgment, the heirs of Sarah C. Dailey are not bound by the judgment even if they were parties to the action in which it was entered. *Bath v. Norman,* 226 N.C. 502, 39 S.E. 2d 363; *King v. King,* 225 N.C. 639, 33 S.E. 2d 893; *Rodriguez v. Rodriguez,* 224 N.C. 275, 29 S.E. 2d 901; *Deitz v. Bolch,* 209 N.C. 202, 183 S.E. 384.

For the reasons given, the deed from the plaintiffs to the defendant Clarence Newman did not vest in the latter "a marketable and indefeasible title" to the land owned by Sarah C. Dailey at the time of her death. The judgment to the contrary is

Reversed.