FRANCES D. KANOY v. EMORY RAY HINSHAW AND SECURITY MILLS OF GREENSBORO, INC.

AND

CONNIE REID KANOY, BY HIS NEXT FRIEND, FRANCIS V. KANOY, v. EMORY RAY HINSHAW AND SECURITY MILLS OF GREENSBORO, INC.

(Filed 10 April 1968.)

**1. Trial § 8—**

A trial court has the discretionary power to consolidate for trial actions which involve the same parties and subject matter if no prejudice or harmful complications will result therefrom.

**2. Same—**

A discretionary order consolidating actions for trial will not be disturbed on appeal in the absence of a showing of injury or prejudice to the appealing party.

**3. Automobiles § 43— Actions for injuries arising out of same accident are properly consolidated.**

An order consolidating actions for personal injuries by the driver and guest passenger of an automobile against the driver and owner of a truck which collided with the automobile *is held* not prejudicial to plaintiffs even though there was a counterclaim and an issue of contributory negligence in the driver's action, since the actions grew out of the same accident, separate issues were submitted to the jury in each case, plaintiffs' witnesses and evidence were the same, and since both defendants relied on the same acts of the plaintiff driver to sustain defenses of contributory negligence in the driver's action and that plaintiff guest passenger's injuries resulted solely from plaintiff driver's negligence.

**4. Trial § 11—**

Although two independent actions are consolidated for trial, they remain separate suits throughout the trial and appellate proceedings.

**5. Negligence § 7—**

Proximate cause is that cause which produces the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all of the facts then existing.

**6. Trial § 10—**

A litigant has the right to have his cause tried before an impartial judge without expressions from the bench which intimate an opinion as to the weight, importance or effect of any facts pertinent to the issues to be decided by the jury, but such expressions of opinion must be prejudicial to appellant to result in a new trial.

**7. Same—**

In explaining rulings on the admissibility of evidence, comments by the court in the jury's presence to the effect that there was no evidence that the manner in which the body of defendant's truck was attached to the chassis caused the collision, which comments were obviously true, *are held* not to be an expression of opinion as to facts pertinent to the issues being considered by the jury so as to be prejudicial to plaintiffs.

**8. Trial § 39—**

An instruction of the court that the jury must continue to deliberate until they indicate to the court that they are hopelessly deadlocked, together with further instructions reminding the jurors of their duty and of the result of their failure to reach a unanimous verdict, *held* not to support the contention that the verdict was coerced.

**9. Automobiles § 90—**

Failure of the court to charge upon the requirements of G.S. 20-154 and G.S. 20-141 *is held* not to be error under the circumstances of this case.

BOBBITT, J., concurring in part and dissenting in part.

SHARP and HUSKINS, JJ., join in concurring and dissenting opinion.

APPEAL by plaintiffs and defendant Security Mills of Greensboro, Inc. from *Gambill, J.*, September 1967 Session of DAVIDSON.

These actions were instituted by plaintiffs to recover damages for personal injuries allegedly resulting from defendants' negligence. Plaintiff Frances D. Kanoy was the operator of a vehicle which was owned by her husband and in which plaintiff Connie Reid Kanoy, her son, was a guest passenger when the vehicle was involved in a collision with a truck driven by defendant Emory Ray Hinshaw and owned by defendant Security Mills of Greensboro, Inc. Plaintiffs instituted separate actions against defendants which, on defendants' motion, were consolidated for trial. Plaintiffs objected and excepted to the consolidation. Defendant Security Mills of Greensboro, Inc., in its answer to plaintiff Frances D. Kanoy's complaint, counterclaimed against *feme* plaintiff for damages to its truck and feed, and for loss of use of the truck.

The collision occurred at about 5:45 a.m. on 24 June 1966 at the intersection of Interstate Highway 85 and rural road 2023 intersecting from the south and rural paved road 1873 intersecting from the

north and directly across I-85 from rural road 2023. A paved cross-over interrupted the grass median dividing the east- and west-bound traffic on I-85 at the intersection. The weather was clear and the road was dry at the time of the collision. The truck operated by defendant Hinshaw was being driven in a westerly or southerly direction on I-85 in the outside or northernmost lane and the automobile was being driven from rural road 2023 north across I-85 onto rural road 1873. The collision occurred at the intersection, in or north of the outside lane of I-85. At the time of the collision plaintiff Frances D. Kanoy was driving the automobile for the purpose of transporting plaintiff Connie Reid Kanoy on his newspaper route.

The plaintiffs' evidence, in pertinent part, was as follows:

Frances D. Kanoy testified that she approached I-85 from the south on rural road 2023 and stopped about 5 feet from I-85. She waited for three trucks, traveling east on I-85, to pass; she then proceeded to the median between the east- and west-bound traffic on I-85 and again stopped; she observed the truck driven by defendant Hinshaw approaching from the east on I-85 at a distance of over 800 feet. She explained her estimate on the basis that a cedar tree was located over 800 feet from the intersection and the truck had not yet reached the tree; she then proceeded across the two west-bound lanes of I-85 and was about 10 feet off I-85 and onto rural road 1873 when the truck struck her right rear fender and passed to her right. She heard a noise and the car began to shake and the next thing she remembered, she was lying on the ground.

The testimony of plaintiff Connie Reid Kanoy tended to corroborate the testimony of Frances D. Kanoy. Connie Reid Kanoy was 16 years of age and was riding on the right side of the front seat at the time of the collision.

Evidence was introduced as to the personal injuries sustained by both plaintiffs.

At the conclusion of plaintiffs' evidence, defendants' motion for nonsuit was denied.

Defendants' evidence, in substance, was as follows:

Richard Sigman, State Highway Patrolman, testified that he investigated the collision, arriving at the scene at about 6:20 a.m. He observed black marks leading from the edge of the pavement on to rural road 1873. That morning, Hinshaw stated to Sigman that he was traveling at a speed of about 45 to 50 miles per hour when he observed the vehicle plaintiffs were in come across in front of him from his left and he tried to avoid hitting the car. Sigman testified that the car was "torn all to pieces." The trailer, which was loaded with about 12 tons of feed, became disconnected from the tractor

portion of the truck and came to rest on the northern shoulder of I-85, at and west of the intersection with rural road 1873. The car came to rest near the trailer. The tractor continued on about 44 feet beyond the trailer before coming to a stop. The skid marks of the tractor extended 150 feet. Sigman testified that he visited Frances D. Kanoy in the hospital about two days after the collision and that she stated to him that she did not see the truck at any time.

Defendant Emory Ray Hinshaw testified that he was employed by Security Mills of Greensboro and was driving the truck involved in the collision. He stated that at a distance of about 900 feet, he saw a car waiting at the intersection of rural road 2023 and I-85 for trucks traveling on I-85, opposite to Hinshaw's direction of travel, to pass. A tractor-trailer passed Hinshaw, traveling in the same direction. After the trucks traveling toward Hinshaw had passed the car, it then came straight across in front of Hinshaw. Hinshaw applied his brakes and turned to his right in an effort to avoid a collision. The collision occurred in the right southbound lane of I-85. The bed of the truck became disconnected after the impact with the car. He estimated that he was about 200 feet away when the car started across the highway and about 40 feet away when the car entered the left southbound lane of I-85.

Other eyewitnesses to the collision testified that the automobile plaintiffs were in did not stop at the median and that the automobile was partially in the right southbound lane of I-85 and partially on the shoulder of the highway at the time of the collision.

Evidence was introduced as to the value of the truck before and after the collision.

At the conclusion of all the evidence, defendants renewed their motions for nonsuit. The motions were denied.

Issues were submitted to and answered by the jury as follows:

ISSUES AND VERDICT (FRANCES D. KANOY Case):

1. Was the plaintiff, Frances D. Kanoy, injured and damaged by the negligence of the defendants, as alleged in the complaint?

ANSWER: No.

2. Did the plaintiff Frances D. Kanoy, by her own negligence, contribute to her injuries and damages, as alleged in the Answer?

ANSWER: ............

3. What amount, if any, is the plaintiff, Frances D. Kanoy, entitled to recover of the defendants?

ANSWER: ............

4. Was the property of Security Mills of Greensboro, Inc., damaged by the negligence of the plaintiff, Frances D. Kanoy, as alleged in its counterclaim?

ANSWER:  No.

5. What amount, if any, is the defendant Security Mills of Greensboro, Inc. entitled to recover of the plaintiff, Frances D. Kanoy?

ANSWER:  ............ .

ISSUES AND VERDICT (CONNIE REID KANOY/bnf/FRANCIS V. KANOY Case)

1. Was the plaintiff, Connie Reid Kanoy, injured and damaged by the negligence of the defendants, as alleged in the complaint?

ANSWER:  No.

2. What amount, if any, is the plaintiff, Connie Reid Kanoy, entitled to recover of the defendants?

ANSWER:  ............

Judgments were entered on the verdicts allowing no recovery for personal injuries to either plaintiff and no recovery for property damage to defendant Security Mills of Greensboro on its counterclaim. Plaintiffs and defendant Security Mills of Greensboro, Inc. appealed.

*W. H. Steed and Walser, Brinkley, Walser & McGirt for plaintiffs.*
*Sapp & Sapp and Rollins & Rollins for defendants.*

BRANCH, J.  Plaintiffs assign as error the trial court's action in consolidating the two cases for trial. This assignment of error is based on an exception duly taken. *Fleming v. Holleman,* 190 N.C. 449, 130 S.E. 171.

Appellants rely on the language contained in the case of *Dixon v. Brockwell,* 227 N.C. 567, 42 S.E. 2d 680, where Winborne, J., (later C.J.) stated:

"It is appropriate to say that consideration of this appeal leads to the conclusion that it would be better to try the actions brought by these plaintiffs, passengers in the Frank N. Martin car, separately from the action brought by Frank N. Martin. This is so even though these plaintiffs make no allegation of negligence against Frank N. Martin. They elect to allege a

cause of action for actionable negligence only against the defendant, and may recover only if they make good on these allegations, even if Frank N. Martin were negligent also, and that his negligence were a proximate cause of, and concurred in bringing about the collision in question. Hence the issue in their actions is one of negligence of defendant, and proximate cause, and concurring negligence of Frank N. Martin has no place in the trial of their causes. While, on the other hand, in the Frank N. Martin case, there are issues of negligence and contributory negligence which require appropriate instructions."

The trial court possesses the power to order consolidation of actions for trial when the actions involve the same parties and the same subject matter, if no prejudice or harmful complications will result therefrom. This power is vested in the trial judge so as to avoid multiplicity of suits, unnecessary costs, delays, and to afford protection from oppression and abuse. To sustain an exception to the court's discretionary consolidation of the actions, injury or prejudice to the appealing party arising from such consolidation must be shown. *Peeples v. R. R.,* 228 N.C. 590, 46 S.E. 2d 649.

In the case of *Davis v. Jessup,* 257 N.C. 215, 125 S.E. 2d 440, Denny, C.J., speaking for the Court, stated:

"The plaintiffs' first assignment of error is to the consolidation of these actions for trial. The trial court possesses the discretionary power in proper cases to order the consolidation of actions for trial. McIntosh, North Carolina Practice and Procedure, 2nd Ed., Vol. I, Section 1342; *Peeples v. R. R.,* 228 N.C. 590, 46 S.E. 2d 649, and cited cases. Moreover, when the consolidation of actions for the purpose of trial is assigned as error, the appellant must show injury or prejudice arising therefrom. Here, both actions grew out of the same accident, and in essence the complaints are identical, and so are the answers. The same defenses are interposed, the plaintiffs used the same witnesses, and the evidence was the same except on the question of damages. Both actions were against the same defendant, and both plaintiffs were represented by the same attorneys. Furthermore, it has not been shown on this record that the appellants were injured or prejudiced by the order of consolidation. This assignment of error is overruled."

It should be noted that the *Davis v. Jessup* case differs from the instant case in that the issue of contributory negligence was submitted as to both plaintiffs and there was no counterclaim against either of the plaintiffs.

*Robinson v. Transportation Co.,* 214 N.C. 489, 199 S.E. 725, is a case in which the driver of an automobile and four of his guest passengers brought separate actions against the same defendants, in which each plaintiff sought recovery for personal injuries, and one plaintiff, in addition, sought recovery for property damage. The original record shows that an issue of contributory negligence was submitted as to one plaintiff only. The Court, holding that there was no error in the consolidation of these cases for trial, stated:

> "(1) The exception to consolidation of the cases for the purpose of trial is without merit. In this State the power of the trial court to consolidate cases for convenience of trial is not confined to cases between the same parties, but extends to cases by the same plaintiff against several defendants and cases by different plaintiffs against the same defendant, where the causes of action grow out of the same transaction and the defense is the same. *Abbitt v. Gregory,* 201 N.C. 577, 593, 594; McIntosh, Practice and Procedure, 536, 539. The liability of the defendants, if any, to the several plaintiffs in this action grew out of the same alleged negligent acts and the defense is the same. There is no apparent prejudice to the defendants in the consolidation of these actions which might interfere with the discretion of the court in making the order."

In analyzing *Robinson v. Transportation Co., supra,* we conclude that the court reasoned that "the defenses were the same" in the sense that no confusion would result in the trial from the consolidation since defendants relied on the same negligent acts' of the plaintiff driver as their defense in the plea of contributory negligence and in their contention that the sole negligence of the same driver barred recovery by the other plaintiffs.

An examination of the case law of other jurisdictions indicates a strong trend towards approval of consolidation in actions for injuries whenever possible, on the premise that, generally, the applicable rules of law are not complicated and may be explained to the modern jury so that it may understand and apply the legal rules to the factual situation. See 68 A.L.R. 2d 1372, for an exhaustive note on Consolidation — Actions for Injuries.

In this connection we observe it is the rule in this jurisdiction that when cases are consolidated for trial, although it becomes necessary to make only one record, the cases remain separate suits and retain their distinctiveness throughout the trial and appellate proceedings. *Pack v. Newman,* 232 N.C. 397, 61 S.E. 2d 90; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734.

Here, the court submitted separate issues as to both cases and the written issues were in the possession of the jury during its deliberations. Any contention that confusion resulted from consolidation of the actions because of the submission of the defense of contributory negligence and the inclusion of a counterclaim against the plaintiff driver is further dispelled by the fact that the jury considered only the first and fourth issues in the Frances D. Kanoy case and only the first issue in Connie Reid Kanoy case. The actions grew out of the same accident, the same evidence was related by the same witnesses (except as to damages), both defendants relied on the same acts of negligence of the plaintiff Frances D. Kanoy to sustain their defense of contributory negligence and their defense that the sole negligence of Frances D. Kanoy caused the injuries received by the passenger Connie Reid Kanoy. Plaintiffs brought forward no assignment of error as to the admission or exclusion of evidence or as to any other specific ruling of the court which they contended was caused by consolidation of the actions for trial.

The record in the instant case does not reveal apparent prejudice to either plaintiff which justifies interference with the court's discretionary order of consolidation. We do wish to stress, however, that in considering consolidation of actions for trial, the trial court should carefully weigh the possibilities of confusion, misunderstanding or prejudice to the parties which might arise from such consolidation.

Plaintiffs assign as error comments of the trial judge made in the presence of the jury as being prejudicial in expressing an opinion as to the evidence.

The court, in explanation of his ruling on the admissibility of evidence, stated in the presence of the jury:

"The position of the body and truck has nothing to do with the wreck; in other words, you are alleging a faulty truck but it has nothing to do with the cause of the wreck, what happened after is another matter, what caused the wreck — whether bolted on solid or not; there is no evidence that had anything to do with the wreck.

How the body is constructed has nothing to do with whether it caused the wreck or didn't.

If the feed came off or tilted sideways and caused him to lose control of the truck, it would be different; there is no evidence the body had anything to do with causing the collision, how it was attached to the truck or what — that's not material; the fact that it hit the car if it did is material but how it is bolted on has nothing to do with whether the wreck was caused by it or not. The evidence will tend to show it came loose after the

collision; that has nothing to do with whether it caused the collision — that's another matter."

On three or four other occasions he made statements of like import.

Proximate cause is that cause which produces the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all of the facts then existing. *Jenkins v. Electric Co.*, 254 N.C. 553, 119 S.E. 2d 767.

It is well recognized in this jurisdiction that a litigant has a right by law to have his cause tried before an impartial judge without any expressions from the trial judge which would intimate an opinion by him as to weight, importance or effect of the evidence. *Upchurch v. Funeral Home*, 263 N.C. 560, 140 S.E. 2d 17. However, this prohibition applies only to an expression of opinion related to facts which are pertinent to the issues to be decided by the jury, and it is incumbent upon the appellant to show that the expression of opinion was prejudicial to him. *McDonald v. MacArthur*, 154 N.C. 11, 49 S.E. 684. See also *Upchurch v. Funeral Home, supra.*

The lengthy comments by the trial judge were unnecessary. However, there was no evidence that the manner in which the truck body was attached to the chassis *caused* the collision. The statements made by the court were obviously true and did not express an opinion as to facts pertinent to the issues being considered by the jury so as to be prejudicial to plaintiffs. This assignment of error is overruled.

Plaintiffs contend that there was error in the time when and manner in which the trial judge submitted the case to the jury. In this connection the record shows the following:

"After the Jury deliberated for some time, it now being 7:40 P.M., the following ensued:

COURT: Members of the jury, have you agreed on a verdict?
JURY: No.
COURT: Do you want to come back tonight and still deliberate?
JURY: Yes.
COURT: Do you want to go out or do you want something brought in?
JURY: Any way is all right.
COURT: Can we send out for something?
(JURY: If we don't agree, how long do we have to stay?
COURT: You have to stay until you indicate to the Court

that you are hopelessly deadlocked. A verdict of the Jury is a unanimous verdict of 12 people reasoning together and not a verdict of six or eleven, but a verdict of twelve reasoning together and unanimous. If you can't reach a verdict, it will be necessary for the Court to withdraw a juror and declare a mistrial and try these cases all over again; the next Jury will have about the same evidence and same law and won't be any more intelligent than you are and it will have to be done all over again.)

Plaintiffs except to above portions of the charge in parentheses.

JURY: I would like to ask for one part of the testimony not saying which one certain part—

COURT: I charged you at the time and again charge you that it is your responsibility to remember all the evidence and weigh it as you recall it in arriving at your verdict whether the Court calls it to your attention or not and take your recollection; that is your responsibility. I can't have it read to you as she is not under oath; the evidence was presented to you under oath by the witnesses; you will have to take it as you recall it.

I summarized in effect what the testimony was; what the testimony was, it's for you the jury, and that is your province and nobody can invade it; what you say the facts are stands and nobody can reverse it and nobody can question it. Do you want to go eat and come back, or do you want us to send out and get something for you while you deliberate further?

(NOTE: Jury given supper recess until 8:30 P.M. and given the usual cautions.)"

When the jury returned, the court then gave further instructions on the issues and the order in which the jury should answer them.

*In re Will of Hall,* 252 N.C. 70, 113 S.E. 2d 1, contains the following pertinent statements:

"The trial judges have no right to coerce verdicts or in any manner, either directly or indirectly, intimidate a jury.' *Trantham v. Furniture Co.,* 194 N.C. 615, 616, 140 S.E. 300. . . . 'The law anticipates a verdict in every case after the jury have had a reasonable time for consideration.' *Osborne v. Wilkes,* 108 N.C. 651, 666, 13 S.E. 285. . . . Certainly it is not error for the trial court to remind the jury of the gravity and importance of their position and the duty imposed on them to discuss and

consider the evidence with deliberation, compose their differences and return a verdict if they can conscientiously do so."

Without indicating any opinion as to the weight of the evidence or what the verdict should be, the trial judge courteously and considerately reminded the jury of its duty and of the result if it failed to reach a unanimous verdict. The record fails to show that the verdict was coerced or that the jury was intimidated by the actions or words of the trial judge.

Further, upon reading the charge as a whole, it appears that the trial judge so explained the law applicable to the facts of the case that we are unable to find any reasonable ground to believe that the jury was misled or misinformed. *Phillips v. R. R.*, 257 N.C. 239, 125 S.E. 2d 603.

Plaintiff appellants have failed to carry the burden of showing sufficient prejudicial error to warrant a new trial.

### APPEAL BY SECURITY MILLS OF GREENSBORO, INC.

Defendant Security Mills of Greensboro, Inc., assigns as error the failure of the trial court to apply the law, as set out in G.S. 20-154 and G.S. 20-141, to the facts on this case.

These statutes, in pertinent part, provide:

G.S. 20-154: "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, . . ."

G.S. 20-141 (a): "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

G.S. 20-141 (c): "The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection . . . or when special hazards exist with respect to pedestrians or other traffic . . . and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care."

G.S. 20-158 not only requires the driver on a servient highway to stop, but such driver is further required to exercise due care to see that he may enter or cross the dominant highway or street in safety

before entering thereon. *Jordan v. Blackwelder,* 250 N.C. 189, 108 S.E. 2d 429. The court's interpretation of G.S. 20-158 incorporates the requirements contained in G.S. 20-154, that the motorist must see "that such movement can be made in safety," and under the factual situation here presented, an instruction as to G.S. 20-154 is unnecessary. Here the court charged as to G.S. 20-158 and applied the law contained therein to the facts of instant case.

Further, the theory of defendant's counterclaim is so clearly based on provisions of G.S. 20-158 that prejudicial error is not shown by failure to charge on G.S. 20-141 in relation to the fourth issue. Defendant Security Mills of Greensboro, Inc., has failed to show prejudicial error on its appeal.

As to appeal of plaintiffs:

No error.

As to appeal of defendant Security Mills of Greensboro, Inc.:

No error.

BOBBITT, J., concurring in part and dissenting in part.

In my opinion, the order of consolidation did not prejudice plaintiff Frances D. Kanoy. In her case, I agree the verdict and judgment should stand.

In my opinion, the minor plaintiff, Connie Reid Kanoy, was prejudiced by the order of consolidation, particularly so in view of the fact the court did not give positive instructions to the effect the negligence issue in his case should be answered, "Yes," if the jury found that the collision and his injuries were caused by the *joint and concurrent negligence* of Frances D. Kanoy and of defendants. In Connie Reid Kanoy's case, my vote is for a new trial.

SHARP and HUSKINS, JJ., join in this opinion.