IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-104

No. COA20-351

Filed 6 April 2021

Pender County, No. 15-CVS-348

TOG PROPERTIES, LLC, Plaintiff,

v.

KAREN PUGH, Defendant.

Appeal by Donald Sullivan from order entered 2 January 2020 by Judge W. Allen Cobb, Jr., in Pender County Superior Court. Heard in the Court of Appeals 27 January 2021.

> *The Law Offices of Oliver and Cheek, PLLC, by Ciara L. Rogers and Linda B. Green, for Appellee TOG Properties, LLC.*

> *Lt. Col. Donald Sullivan, Appellant, pro se.*

COLLINS, Judge.

## I.   Factual Background

This is the second appeal to this Court by Donald Sullivan regarding certain timbered property damaged by a fire allegedly set by Karen Pugh. An extensive procedural history and factual background can be found in this Court's opinion on Sullivan's first appeal. *See Sullivan v. Pugh*, 258 N.C. App. 691, 814 S.E.2d 117 (2018). In *Sullivan*, this Court affirmed the trial court's order in a declaratory

judgment action brought by TOG Properties, LLC ("TOG") against Sullivan, declaring TOG the holder of any legal claims against Robert and Karen Pugh resulting from the damages to the property caused by the fire.

¶ 2        Facts and procedural history relevant to this appeal follow:  On 3 February 2015, Sullivan filed an amended complaint against Robert and Karen Pugh, seeking to recover damages resulting from the fire ("Sullivan Lawsuit").  On 10 April 2015, TOG filed a complaint against Karen Pugh, also seeking to recover damages resulting from the fire ("TOG Lawsuit").  Upon Robert and Karen Pugh's motion[1] and consent of the parties, the trial court consolidated the Sullivan Lawsuit and the TOG Lawsuit for trial.

¶ 3        In April 2016, TOG filed a cross-claim for declaratory judgment against Sullivan ("Cross Claim") requesting that the trial court declare TOG the owner of any claims for damages against Robert and Karen Pugh for the damages caused to the property by the fire.[2]  Sullivan filed an answer and motion to dismiss the Cross Claim. The trial court denied Sullivan's motion to dismiss by written order entered 17 August 2016.

¶ 4        On 16 November 2016, TOG filed a motion for summary judgment on its Cross

---

[1] This motion is not in the Record on Appeal, although it is referenced in the Consent Order for Consolidation.
[2] TOG also requested the trial court declare that Kenner Day did not have authority to waive or release any claims owned by TOG.  This request is not at issue in this appeal.

Claim ("Summary Judgment Motion"). Sullivan filed a notice of objection to the Summary Judgment Motion.

¶ 5 After a hearing, the trial court granted summary judgment to TOG by written order entered 14 February 2017 ("Summary Judgment Order"). Sullivan appealed the Summary Judgment Order to this Court. In March 2017, the trial court entered an order moving the TOG Lawsuit to inactive status because of Sullivan's notice of appeal.[3] By opinion entered 3 April 2018, the Court of Appeals affirmed the Summary Judgment Order. *See Sullivan*, 258 N.C. App. 691, 814 S.E.2d 117.

¶ 6 On 7 May 2018, Sullivan filed a notice of appeal in the Supreme Court of North Carolina, pursuant to N.C. Gen. Stat. § 7A-30.[4] TOG filed a motion to dismiss the appeal for lack of substantial constitutional question.[5] On 14 August 2018, the Supreme Court of North Carolina entered an order allowing TOG's motion to dismiss.

¶ 7 At some point, Sullivan filed a petition for writ of certiorari to the Supreme Court of the United States.[6] On 1 April 2019, the Supreme Court denied the petition.

---

[3] This order does not appear in the Record on Appeal but is referenced in the trial court's 2 January 2020 order on appeal.

[4] This notice of appeal is not in the Record on Appeal but is referenced in the North Carolina Supreme Court's order allowing TOG's motion to dismiss the appeal.

[5] This motion is not in the Record on Appeal but is referenced in the Supreme Court's order allowing TOG's motion to dismiss the appeal.

[6] This petition for writ of certiorari to the Supreme Court of the United States is not in the Record on Appeal but is referenced in the Supreme Court of the United States' denial of the petition.

On 12 April 2019, TOG filed a notice of voluntary dismissal with prejudice in the TOG Lawsuit, pursuant to Rule 41 of the Rules of Civil Procedure ("Voluntary Dismissal"). At some point, Sullivan filed a petition for rehearing in the Supreme Court of the United States.[7] On 28 May 2019, the Supreme Court denied the petition.

¶ 8 On 17 June 2019, Sullivan filed a cross complaint in the TOG Lawsuit, seeking to recover damages and costs from TOG. On 12 July 2019, TOG filed a motion to strike the cross complaint, pursuant to Rules 8 and 12(f) of the North Carolina Rules of Civil Procedure ("Motion to Strike"). On 2 October 2019, Sullivan filed an Objection to the Motion to Strike ("Objection"), alleging that the trial court lacked jurisdiction to allow the Voluntary Dismissal of the TOG Lawsuit. Sullivan asserted that he was denied due process because he was not served notice of the Voluntary Dismissal and that TOG was unjustly enriched by an alleged settlement agreement.

¶ 9 On 10 October 2019, the trial court held a hearing on TOG's Motion to Strike and Sullivan's Objection. By written order entered 2 January 2020, the trial court made findings of fact and concluded that the Voluntary Dismissal of the TOG Lawsuit was proper and that the trial court lacked jurisdiction to enter any further orders, including an order on the Motion to Strike ("Final Order"). On 3 February 2020,

---

[7] The petition for rehearing to the Supreme Court of the United States is not in the Record on Appeal but is referenced in the Supreme Court of the United States' denial of the petition.

Sullivan filed a notice of appeal of the Final Order to the North Carolina Court of Appeals.

## II. Analysis

Defendant presents two issues on appeal: (1) "Whether the notice requirement in Rule 41 that a voluntary dismissal be allowed upon 'notice to the court' includes the requirement that notice be given to all parties[;]" and (2) "Whether the ruling judge committed reversible error in his order by failing to accept jurisdiction over appellee's motion to strike appellant's cross complaint."

### A. Standard of Review

This Court reviews de novo questions of statutory interpretation. *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). Likewise, this Court reviews de novo a trial court's conclusions of law. *Hairston v. Harward*, 371 N.C. 647, 656, 821 S.E.2d 384, 391 (2018). Under de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks and citations omitted).

#### 1. *Notice of Voluntary Dismissal*

Sullivan first essentially argues that TOG was required to serve its notice of Voluntary Dismissal upon Sullivan and that TOG's failure to do so somehow rendered the notice of Voluntary Dismissal invalid. We disagree.

¶ 13    "[I]f no counterclaim is pending, . . . a [plaintiff] may voluntarily dismiss his suit without the opposing party's consent by filing a notice of dismissal." *Gillikin v. Pierce*, 98 N.C. App. 484, 487, 391 S.E.2d 198, 199 (1990) (citing N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(i)) (other citation omitted). The notice of voluntary dismissal shall be served upon a party, pursuant to Rule 5 of the North Carolina Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rule 5(a) (2019) ("[E]very written notice . . . shall be served upon each of the parties[.]"). A party is one "who by substantive law has the legal right to enforce the claim in question." *Reliance Ins. Co. v. Walker*, 33 N.C. App. 15, 19, 234 S.E.2d 206, 209 (1977) (citation omitted).

¶ 14    Under N.C. Gen. Stat. § 1A-1, Rule 42(a) (2019), which governs the consolidation of civil actions, generally "when actions involving a common question of law or fact are pending in one division of the court, the judge may order a joint hearing or trial of any or all the matters in issue in the actions; he may order all the actions consolidated; and he may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." N.C. Gen. Stat. § 1A-1, Rule 42(a). "[I]t is the rule in this jurisdiction that when cases are consolidated for trial, although it becomes necessary to make only one record, the cases remain separate suits and retain their distinctiveness throughout the trial and appellate proceedings." *Kanoy v. Hinshaw*, 273 N.C. 418, 424, 160 S.E.2d 296, 301 (1968) (citations omitted); *see also Pack v. Newman*, 232 N.C. 397, 400-01, 61 S.E.2d 90, 92 (1950) (Where the court

consolidated the two independent actions for judgment, "the actions did not become one action. They remained separate suits.") (citation omitted). *See also Hall v. Hall*, 138 S. Ct. 1118, 1124, 1128 (2018) (examining the meaning of "consolidation" and the Courts' 125-year history interpreting the term and determining that "consolidated cases remain distinct" as to "parties, pleading, and judgment," and "that there must be separate verdicts, judgments, or decrees") (quotation marks and citations omitted).[8]

¶ 15      In this case, Sullivan filed a complaint against Robert and Karen Pugh, seeking to recover damages resulting from the fire. TOG filed a separate complaint against Karen Pugh, seeking to recover damages resulting from the fire. Upon Robert and Karen Pugh's motion and consent of the parties, the trial court consolidated the actions for trial. Although the actions were to be tried together for the sake of convenience and judicial economy, "the actions did not become one action. They remained separate suits." *Pack*, 232 N.C. at 400-01, 61 S.E.2d at 92. Accordingly, Sullivan was not a party to the TOG Lawsuit, brought by TOG against Karen Pugh, and TOG was not required to serve its notice of Voluntary Dismissal upon Sullivan.

## 2. *Trial Court's Jurisdiction*

---

[8] "The North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules. Decisions under the federal rules are thus pertinent for guidance and enlightenment in developing the philosophy of the North Carolina Rules." *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (citations omitted).

¶ 16 Defendant also argues that the trial court erred by "failing to accept jurisdiction" over TOG's Motion to Strike. We disagree.

¶ 17 "It is well established that where [a] plaintiff takes a voluntary dismissal pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 41(a)(1), no suit is pending thereafter on which the court could make a final order." *Ward v. Taylor*, 68 N.C. App. 74, 78, 314 S.E.2d 814, 818 (1984). "The rule clearly does not require court action, other than ministerial record-keeping functions, to effect a dismissal." *Id.* at 78, 314 S.E.2d at 819. The notice of dismissal is the operative document and "itself closes the file." *Carter v. Clowers*, 102 N.C. App. 247, 251, 401 S.E.2d 662, 664 (1991) (citation omitted).

¶ 18 Here, TOG filed its Voluntary Dismissal on 12 April 2019, thus closing the file on that date. Thereafter, no suit was pending upon which the trial court could enter an order. Accordingly, the trial court correctly concluded that TOG's notice of Voluntary Dismissal deprived the trial court of jurisdiction to enter further orders, including an order on TOG's motion to strike.

### III. Conclusion

¶ 19 As Sullivan was not entitled to TOG's notice of the Voluntary Dismissal dismissing the TOG Lawsuit, and because TOG's Voluntary Dismissal deprived the trial court of jurisdiction to enter further orders in the TOG Lawsuit, we affirm the Final Order.

AFFIRMED.

Judges INMAN and GRIFFIN concur.