As to the second trespass, the plaintiff offered in evidence a grant to himself, dated in 1800, which lapped over and covered a part of the defendant's tract of land on the north. To present the question arising on this part of the case it is only necessary to give one call of the grant to Kirby, dated in 1792, under which the defendant claimed, to wit; the course from a black jack corner, on the side of the public road; then with the public road N. 80 degrees W. 100 chains to a black jack corner the side of said road in Hezekiah Hough's line, then with his (371) line, etc. These two black jack corners were identified. The defendant proved that there was, at the date of his grant, and had been for some years before, a public road leading from one black jack corner to the other, that this road was kept up many years afterwards, and that although it had for some years past been discontinued, and a nearer road opened, yet the traces of the old road were still left and could be easily followed; that in one place in going down a hill the road divided and formed two tracks for some distance, when the two came together again. It was doubtful from the evidence which of these tracks was the public road in 1792. A direct line from corner to corner left the road, including both branches of it a small distance to the north. The line indicated by the course mentioned in the grant, starting at the first corner, would also leave the road to the north but would not strike the second corner, missing it by some thirty or forty yards. The trespass, which consisted in cutting trees and the like, was between the direct line from corner to corner and the road, and also between the two branches of the road. The plaintiff insisted that the defendant's title reached only to the direct line from corner to corner, while, on the other hand, the defendant insisted that he had a right to go with the road.
Upon the first question his Honor charged "that where both corners were known and identified, and the grant did not call for a line of marked trees, the grant run in a straight line from corner to corner — the course mentioned in the grant, and the marked line trees being regarded only as means to find the corner; that this case was entirely different from the cases relied on by the plaintiff's counsel, for in those cases, one corner being known, the object was to find the other which was unknown, and the line of marked trees being the most certain means of ascertaining the unknown corner, controlled the course when they happened to differ; but that when both corners were known the grant pursued a straight line from corner to corner, and did not turn about from *Page 296 
tree to tree, as they happened to be marked; that line trees, particularly `side line trees,' as surveyors call them, were intended to indicate (372) near where the line was; in the same way that a pointer indicates near where the corner stands. That where a grant called for a corner and then along a line of marked trees to another corner, the grant would then pursue the line of marked trees, because they were then not simply a means to find the corner, but an essential part of the boundary."
Upon the second question, the jury were charged "that as the defendant's title called from the first corner with the public road to the other corner, his grant pursued the road, and not a direct line from corner to corner, as the road was an essential part of the boundary. And that if the jury were satisfied that the road spoken of by the witnesses was the public road called for in the defendant's grant, he would be entitled to their verdict, so far as the trespass between the direct line and the road was concerned. That as to the trespass between the two branches of the road, if the jury were satisfied from the evidence that the northern branch was the public road in 1792, and was the road called for in the defendant's grant, they would find for him; but if they were not satisfied that the north branch was the public road at that time, then the defendant would be liable for the trespass between the two branches of the road." A verdict was returned for the defendant, upon which he had judgment, and the plaintiff appealed.
The law arising on both points in this cause was, we think, correctly stated by the judge in his charge to the jury. The opinion of the Superior Court and the reasons for it, as contained in the case, are adopted by this Court as its opinion, and the judgment is affirmed.
PER CURIAM. Judgment affirmed.
Cited: Wynne v. Alexander, 29 N.C. 238; Dula v. McGhee, 34 N.C. 333;Brown v. House, 118 N.C. 879; Higdon v. Rice, 119 N.C. 626. *Page 297 
(373)