NORTH CAROLINA STATE HIGHWAY COMMISSION v. WALLACE M. GAMBLE, SINGLE; JOSEPH G. GAMBLE, JR., AND WIFE, MRS. JOSEPH G. GAMBLE, JR.; WAYNE W. GAMBLE AND WIFE, SUE M. GAMBLE; HILDA GAMBLE GROSSE AND HUSBAND, WILLIAM M. GROSSE; LAURA M. GAMBLE, SINGLE; MARY E. GAMBLE, SINGLE; AND CONNIE W. GAMBLE, WIDOW AND DUKE POWER COMPANY, ADDITIONAL DEFENDANT

No. 7026SC450

(Filed 18 November 1970)

Boundaries § 2— conflicting calls in a deed — highway right-of-way — courses and distances

In this highway condemnation proceeding wherein the landowners' deed contained an inconsistent description of one of the tracts in that it provides that the western boundary line runs with the eastern margin of a specified highway right-of-way and also describes the western boundary line by courses and distances which do not follow the highway right-of-way, the trial court correctly determined that the highway right-of-way was definitely established and ascertainable on the date the property was conveyed to the landowners and constituted an artificial monument which controls the conflicting description by courses and distances.

APPEAL by plaintiff, North Carolina State Highway Commission (Highway Commission), and additional defendant, Duke Power Company (Duke), from Clarkson, Emergency Superior Court Judge, 9 March 1970 Civil Session of Superior Court held in MECKLENBURG County.

Highway Commission instituted this action against Wallace M. Gamble, single; Joseph G. Gamble, Jr., and wife, Mrs. Joseph G. Gamble, Jr.; Wayne W. Gamble and wife, Sue M. Gamble; Hilda Gamble Grosse and husband, William M. Grosse; Laura M. Gamble, single; Mary E. Gamble, single; and Connie W. Gamble, widow (original defendants), to condemn certain lands owned by them for highway project No. 8.1640801 in Mecklenburg County. In its complaint filed 31 January 1966, Highway Commission alleged, among other things, that the only persons who may have or who claim to have an interest in the property sought to be condemned in this action "insofar as the same can, by reasonable diligence, be ascertained" are those persons named in Exhibit "A" attached to the complaint. Exhibit "A" contained the names of the original defendants and also the name of Duke Power Company and the State Highway Commission, but Duke was not made a party when the suit was originally started. Exhibit "A" also set forth the following "Liens and Encumbrances":

"Easement of right of way and easement for flooding to Duke Power Co.

Existing easements of right of way—State Highway Commission.

1966 Ad Valorem Taxes—County of Mecklenburg"

A hearing was held by Judge Ervin at the 2 June 1969 Schedule "A" Civil Session of the Mecklenburg Superior Court, pursuant to G.S. 136-108, to determine all issues raised by the pleadings other than the issue of damages. The plaintiff and the original defendants stipulated, among other things:

"1. That the date of taking is January 31, 1966.

2. That on the date of taking the right of way for U. S. Highway No. 21 was 150 feet wide, extending 75 feet on each side of the center line.

3. That on March 19, 1962, the date of the deed from Duke Power Company to the defendant, and on July 18, 1963, the date said deed was filed for record, Duke Power Company owned the tract of land extending from the westerly boundary line of the Gamble property to the easterly right of way line of U. S. Highway No. 21 as then located."

At this hearing Judge Ervin found that the description of tract no. 2 in the deed under which the defendants held title is inconsistent in that it provides that the western boundary line

thereof runs with the eastern margin of North Carolina highway right-of-way for U. S. Highway No. 21, and this boundary line along the highway is also described by courses and distances which do not follow the highway right-of-way as it then existed or as it exists since the commencement of this condemnation action; that the eastern margin of North Carolina highway right-of-way for U. S. Highway No. 21 was definitely established and ascertainable on 19 March 1962 and as such constituted an artificial monument; that Duke owned the property on said date to the eastern margin of said highway right-of-way; that as a conflict exists between courses and distances and a fixed monument, the call for the monument will control. Based upon such findings, Judge Ervin entered an order holding that the property of the defendants extended to the eastern margin of the right-of-way for U. S. Highway No. 21 as it existed at the date of the taking on 31 January 1966. The Highway Commission appealed to the Court of Appeals. In an opinion filed 19 November 1969 and appearing in 6 N.C. App. 568, the order of Judge Ervin was vacated and the cause was remanded to the superior court "where the additional party or parties necessary to a decision may be made."

On 3 December 1969 Judge Copeland entered an order making Duke "a party-defendant to this action for the purpose of determining the location of the westerly boundary line of a tract of land described as Tract II in deed dated March 19, 1962, from Duke Power Company to Connie W. Gamble, *et al.*, recorded in Deed Book 2437, page 239, Mecklenburg County Registry." No objections or exceptions have been made to the entry of this order. On 16 December 1969 Duke filed an answer to the complaint admitting all of the allegations.

This cause was heard by Judge Clarkson, pursuant to G.S. 136-108, to determine all issues raised by the pleadings other than the issue of damages. After hearing the evidence and the parties, Judge Clarkson entered an order dated 13 March 1970, the pertinent parts of which are as follows:

"(T)hat the deed from Duke Power Company to the original defendants, dated March 19, 1962, filed for recording on July 18, 1963, and recorded in Book 2437, at page 239, in the Mecklenburg Public Registry, is inconsistent in its description of Tract No. 2 therein in that the said deed provides that the boundary line of said tract runs with the eastern margin of N. C. Highway right of way for U. S. Highway No. 21 and said boundary along the highway is

described by courses and distances which do not follow the highway right of way as it then existed; that the map which was incorporated into the deed by reference shows the western property line of the original defendants' tract as following the highway right of way line; that the eastern margin of N. C. Highway right of way for U. S. Highway No. 21 was definitely established and ascertainable on March 19, 1962, and as such constituted an artificial monument; that Duke Power Company owned the property on said date to the eastern margin of said highway right of way; that as a conflict exists between courses and distances and a fixed monument, the call for the monument will control; and said deed conveyed to the original defendants the property to the eastern margin of U. S. Highway No. 21; and that the additional defendant, Duke Power Company, did not own any part of the land involved in this action at the time of taking and does not now claim any interest therein, except for flood and flowage easements not relevant to the boundary question in dispute;

Now, THEREFORE, upon the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that as of January 31, 1966, the date of taking in this action, the property of the original defendants, Wallace M. Gamble, et al., extended to the eastern margin of U. S. Highway No. 21 as it existed on March 19, 1962, and on the date of taking, and that the original defendants are entitled to recover from the plaintiff their damages caused by the taking of this additional tract of land, shown as the shaded area on that map or plat marked the Original Defendants' Exhibit No. 1, introduced herein and stipulated by the parties as an accurate and correct representation of the disputed area."

The Highway Commission and Duke appealed to the Court of Appeals.

*Attorney General Morgan, Deputy Attorney General White, Assistant Attorney General Hudson, and Staff Attorney Chalmers for the North Carolina State Highway Commission, appellant.*

*William I. Ward, Jr., for additional defendant Duke Power Company, appellant.*

*Harkey, Faggart, Coira & Fletcher by Harry E. Faggart, Jr., for original defendants, appellees.*

MALLARD, Chief Judge.

The plaintiff Highway Commission and the additional defendant Duke contend that the trial judge committed error in finding as a fact and concluding as a matter of law that the property of the original defendants extended to the eastern margin of the right-of-way line of U. S. Highway No. 21 as it existed on 19 March 1962 and on the date of the taking.

The description of the tract which original defendants contend includes the 21-foot strip of land involved in this controversy is contained in the deed dated 19 March 1962 from Duke to the original defendants which reads as follows:

"BEGINNING at an iron pin, corner with Tract No. 1 above described and corner with other lands of the parties of the second part; running thence the following courses and distances with elevation 760 feet above mean sea level, U. S. G. S. datum: N 33 deg. 38' W 31.5 ft. to an iron pipe, S 75 deg. 20' W 42.7 ft., N 63 deg. 48' W 70.5 ft., N 14 deg. 48' W 104.1 ft., N 2 deg. 24' W 121.9 ft., N 23 deg. 47' W 195 ft. to an iron pipe, S 86 deg. 05' W 75.8 ft. to an iron pipe in the eastern margin of N. C. Highway right of way for U. S. Highway No. 21; thence the following courses and distances with said highway right of way limit: N 23 deg. 10' E 10 ft., N. 24 deg. 17' E 100.8 ft., N 17 deg. 56' E. 157.1 ft., N 16 deg. 35' E 136.1 ft., N 14 deg. 21' E 99.9 ft., N 12 deg. 12' E 133.6 ft. to a point in a road; thence S 85 deg. 35' E 4.5 ft. to an iron bolt in a road in the line of other lands of the parties of the second part; thence S 6 deg. 24' E 1056.7 ft. to the BEGINNING, containing 3 acres, more or less, as shown on plat dated March 7, 1962, marked Mtn. Island File No. 739-B, which is hereto attached and incorporated as a part of this instrument; and being a part of the land conveyed by F. Lee Torrence and others to Catawba Manufacturing and Electric Power Company by deed dated July 13, 1928, recorded in Book 717, Page 273, in the Mecklenburg County Registry."

The map attached to this deed and which by reference was incorporated as a part of the description shows that the western boundary line of the land conveyed to the original defendants follows the eastern line of the right-of-way of U. S. High-

way No. 21; however, the courses and distances shown on this map, as well as in the description contained in the deed, will not follow the right-of-way line as stipulated by the plaintiff and original defendants herein. The map also shows that the eastern highway right-of-way line is 96 feet from the center of the highway.

Duke argues that therefore there is a 21-foot strip of land between the western boundary of the land of the original defendants and the eastern right-of-way line of the highway. Duke further contends that it either conveyed this 21-foot strip of land to the Highway Commission or dedicated it for a highway right-of-way by the map attached to the original defendants' deed. Duke offered no evidence, but in its further answer says that it "believes that it later conveyed to the North Carolina State Highway Commission a right of way for Interstate Highway No. 77 (sic), *and it does not claim any part of the land involved in this action."* (Emphasis added.) This allegation is not clear as to what land Duke "believes" it conveyed to the Highway Commission. It is clear, however, from its further answer that Duke does not claim any part of the land involved in this action, except a flood and flowage easement thereon, and there is no controversy presented on this record concerning this easement.

At the time Duke filed its answer disclaiming any part of the land involved in this action (except the flood and flowage easement), the plaintiff and the original defendants had already stipulated as a matter of record in the case that on the date of the taking herein, the right-of-way for U. S. Highway No. 21 was 150 feet, extending 75 feet on each side of the center line of the highway. The location of U. S. Highway No. 21 is not in dispute.

The Highway Commission and Duke contend that the court found "that the highway right-of-way was an artificial monument controlling (1) the map referred to in defendants' deed and (2) the metes and bounds description referring to other monuments, in determining the boundary of defendants' westerly property line," and in so finding committed error.

In 2 Strong, N. C. Index 2d, Boundaries, § 2, it is said:

"Where the calls are inconsistent, the general rule is that calls to natural objects control courses and distances. A

call to a wall, or to another's line, if known or established, is a call to a monument within the meaning of this rule, *as is a call to a highway. * * *"* (Emphasis added.)

In *Cutts v. Casey,* 271 N.C. 165, 155 S.E. 2d 519 (1967), it is said: "Where there is a conflict between course and distance and a fixed monument, the call for the monument will control."

In the case of *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603 (1950), a highway was held to be of such permanent character as to become a monument of boundary. See also *Franklin v. Faulkner,* 248 N.C. 656, 104 S.E. 2d 841 (1958).

In 12 Am. Jur. 2d, Boundaries, § 65, p. 603, the general order of preference as between different calls is stated:

"Where the calls for the location of boundaries to land are inconsistent, other things being equal, resort is to be had first to natural objects or landmarks, next to artificial monuments, then to adjacent boundaries (which are considered a sort of monument), and thereafter to courses and distances. * * *"

We are of the opinion and so hold that the evidence supports the findings of fact and the findings of fact support the conclusions of law, and Judge Clarkson correctly applied the established rules of construction relating to conflicts appearing in a description contained in a deed. The order appealed from is affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.