LILLIE S. MATHIAS AND GLADYS M. TAYLOR v. EDWARD A. BRUMSEY AND WIFE, EVELYN BRUMSEY

No. 751SC480

(Filed 19 November 1975)

1. **Boundaries § 8; Jury § 1— determination of boundary location — right to jury trial — no waiver**

Defendants did not waive their right to jury trial on the issue of determining the location of the true boundary line between the lands of the parties by failing to make exceptions to specified findings of fact by the referee where exceptions which defendant did make were sufficient to give plaintiff notice and to present the issue in dispute to the court.

Mathias v. Brumsey

2. Boundaries § 9; Jury § 1— improperly worded issue — no waiver of
   jury trial
      Though defendants improperly worded the issue they submitted
   for jury determination, they did not thereby waive the right to a
   jury trial.

APPEAL by defendants from *Alvis, Judge*. Judgment entered
17 March 1975 in Superior Court, CURRITUCK County. Heard in
the Court of Appeals 23 September 1975.

Plaintiff alleged that she was the owner of a contested strip
of land and that defendants and their agents trespassed by
cutting and removing timber. Defendants denied trespassing
and asserted that they cut and removed timber only from land
belonging to them.

A Reference Hearing was ordered and the Referee essen-
tially found in favor of plaintiff. Defendants excepted to the
Referee's report, demanded a jury trial, and tendered the issue:
"What is the true dividing line between the lands of the plain-
tiff and the lands of the defendants as shown on the Court
Map?"

Pursuant to G.S. 1A-1, Rule 53 (g) (2), plaintiff thereafter
moved for judgment adopting the Referee's report. From judg-
ment granting plaintiff's motion the defendants appealed to
this Court.

*White, Hall, Mullen and Brumsey, by Gerald F. White and
John H. Hall, for plaintiff appellee.*

*Frank B. Aycock for defendant appellant.*

ARNOLD, Judge.

One assignment of error is raised for consideration by this
Court. Defendants contend that the trial court committed re-
versible error by adopting the report of the Referee and dis-
posing of the case without a jury trial. Plaintiff argues that
the defendants waived their right to a jury trial by failing to
except to the Referee's crucial finding of fact regarding the
location of the boundary line, and by failing to tender an issue
of fact with their exceptions to the report of the Referee.

The North Carolina Constitution, Article I, Section 25 pro-
vides: "In all controversies at law respecting property, the
ancient mode of trial by jury is one of the best securities of

the. rights of the people, and shall remain sacred and inviolable." The North Carolina Supreme Court, articulating the extent to which the right to a jury trial should be applied in a civil action involving title to real property, held: "The Constitution of North Carolina guarantees to every litigant the 'sacred and inviolable' right to demand a trial by jury of the issues of fact arising 'in all controversies respecting property,' and he cannot be deprived of his right except by his own consent." *Sparks v. Sparks*, 232 N.C. 492, 493, 61 S.E. 2d 356, 357 (1950).

The right to a jury trial is a substantial right of great significance. "It is a general rule, since the right of trial by jury is highly favored, that waivers of the right are always strictly. construed and are not to be lightly inferred or extended by implication, whether with respect to a civil or criminal case. There can be no presumption of a waiver of trial by jury where such a trial is provided for by law. Thus, in the absence of an express agreement or consent, a waiver of the right to a jury trial will not be presumed or inferred. Indeed, every reasonable presumption should be made against its waiver." *In re Gilliland*, 248 N.C. 517, 522, 103 S.E. 2d 807, 811 (1958).

Plaintiff correctly argues that the underlying issue of fact for determination in this matter is the location of the true boundary line. She contends that there can be no jury trial on this question because defendants failed to except to the Referee's determination of the location of the boundary line, and that in the absence of exceptions thereto the findings of. fact by the Referee are conclusive.

[1] It is specifically alleged by plaintiff that defendants waived their right to jury trial on the issue of determining the location of the true boundary line by failing to except to the Referee's Finding of Fact No. 20, which found that "the true boundary line between the lands of the plaintiff and the defendants is located and shown as extending from the letter 'T' to the letter 'P' on the Court Map."

While the record indicates that defendants did not except to Finding No. 20, they did except to Finding No. 19, and to Conclusion of Law No. 1, made by the Referee. Conclusion of Law No. 1, that "the true boundary line between the lands of the plaintiff and the lands of the defendants is the line extending from the letter 'T' to the letter 'P' as shown on the Court Map," is virtually identical to Finding No. 20. Finding No. 19

also states that plaintiff's land borders defendants' land along the line from "T" to "P" on the Court Map. The same finding by the Referee appeared more than once in the report, and we hold that defendants' exceptions are sufficient to give plaintiff notice, and to present the issue in dispute to the Court.

[2] Defendants tendered the following issue for determination by the jury:

> "1. What is the true dividing line between the lands of the plaintiff and the lands of the defendants as shown on the Court Map?"

Plaintiff contends that defendants have waived the right to jury trial by failing to submit a proper issue. She asserts that the issue as tendered by defendants presents no triable issue of fact, but instead presents a question of law. Citing *Brown v. Hodges*, 232 N.C. 537, 61 S.E. 2d 603 (1950), it is pointed out that *what* a boundary line is constitutes a question of law for the Court, and *where* a boundary line is constitutes a question of fact for the jury.

It is well established in North Carolina that the location of the boundaries on the ground is a factual question for the jury. The determination of what the boundaries are is a question of law for the court. *Cutts v. Casey*, 271 N.C. 165, 155 S.E. 2d 519 (1967).

In the instant case it is obvious that the underlying issue is the location of the true boundary line. It is evident that defendants made the wrong choice of interrogatives. However, the general rule as stated in *Cutts v. Casey, supra,* and *Brown v. Hodges, supra,* does not require a mechanical and technical application that defeats the purpose of the rule. Defendants are entitled to a jury trial on the issue of the location of the true boundary between their land and plaintiff's land.

New trial.

Judges MORRIS and HEDRICK concur.