BLANCHE W. CALHOUN, MORTGAGEE, AND JOHN S. WILLARDSON, SUBSTITUTE TRUSTEE v. ETHEL E. DUNN, MORTGAGOR, AND HUSBAND WESLEY DUNN

No. 7623DC374

(Filed 20 October 1976)

Sales § 17— sale of house — breach of warranties — sufficiency of evidence for jury

    Defendants' evidence was sufficient for submission to the jury of an issue as to plaintiff's breach of an express warranty that trash in the yard of an old house sold to defendants would be removed, but was insufficient for submission of issues as to plaintiff's alleged breach of warranties that painting, carpentry and roofing repairs would be made and the house would be in "good shape all around," and that the driveway to the house was located entirely within the boundaries of the lot purchased.

APPEAL by plaintiff from Osborne, Judge. Judgment entered 13 February 1976 in District Court, WILKES County. Heard in the Court of Appeals 15 September 1976.

Plaintiff sold a house to defendants and brought suit to recover $3,900 due on a note given to her by defendants as part of the purchase price. Defendants admitted the indebtedness due on the note but counterclaimed for breach of alleged express warranties given by plaintiff at the time of the sale.

Evidence by plaintiff tended to establish that in November 1973 she sold an old house to defendants for $11,500, and that defendants paid $5,000 in cash and executed a note for $6,500 to be paid in monthly installments. Defendants paid $2,600 on the note and made no complaints about the house until January 1975 when they stopped making payments. Plaintiff testified that she never promised to have any work done on the house, to have trash removed from the property, or to put the house in first class condition.

Defendants offered evidence to show that after they bought the house they returned to New Jersey and lived for a year before returning to live in the house purchased from plaintiff. When defendants came back they discovered the house in very poor condition, and they refused to make further payments on the note. Defendants inspected the property twice before purchasing it. They testified that plaintiff promised to remove trash in the yard, that general carpentry, painting, and roofing repairs would be made, and that plaintiff had either installed a new four-ply asphalt roof, or would install such a roof; and that she promised defendants that the house "would be in good shape all around." Defendants also stated that plaintiff orally warranted that the driveway to the house was located within the boundaries of the lot purchased.

When defendants moved into the house the trash had not been removed, and they found extensive damage to the roof, floors, electrical fixtures, windows, doors, plumbing, and the roof was not a new four-ply asphalt but patched by coal tar and pebbles. In addition, the driveway was discovered to be on a neighbor's property.

The trial court instructed the jury to find that defendants owed $3,900 to plaintiff on the note. The jury found also that plaintiff made certain warranties to defendants which were breached, and that defendants were entitled to $3,000 damages on their counterclaim. Plaintiff appealed.

*Moore and Willardson, by Larry S. Moore and John S. Willardson, for plaintiff appellant.*

*No brief filed for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in denying her motion for directed verdict as to defendant's counterclaim for

alleged breach of express warranties. Looking at each of the alleged warranties, and viewing the evidence in the light most favorable to defendants, we find the following:

There was evidence by defendants that plaintiff specifically promised that she would remove trash which had accumulated on the property. Defendants testified that plaintiff did not remove the trash, and that it cost them $125 to have the trash hauled away. This evidence was sufficient to go to the jury.

The second alleged warranty was that general painting, carpentry and roofing repairs would be made, and that the house would be in "good shape all around." The record reflects no evidence of any promise by plaintiff to make any specific repairs, but to the contrary, as Mr. Dunn testified, there never was "any agreement as to specific things to be done to the house" but plaintiff stated that the house would be in "good shape." Evidence of any alleged warranty as to general paintting, carpentry, and roofing was too vague and uncertain to be submitted to the jury, and we know of no standard by which to measure the "good shape" of an old house.

Evidence was presented by defendants concerning an alleged promise by plaintiff to repair the roof. Mr. Dunn testified, "She said that it was to be—or that there was a new four-ply asphalt roof." We need not determine whether this evidence of an express warranty was sufficient to go to the jury, because defendants failed to present any evidence of damages resulting from this alleged warranty to install a particular roof. They only presented irrelevant evidence concerning the cost of replacing the flat roof with an "A" type roof.

Finally, defendants testified that plaintiff orally warranted that the driveway was located entirely within the boundaries of the lot purchased. Defendants offered evidence to show that the driveway in fact was on a neighbor's lot. We need not consider whether proof of this alleged warranty violates the parol evidence rule, *see Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603 (1950), *reh. den.,* 233 N.C. 617 (1951). The evidence was insufficient to submit the issue of this alleged warranty to the jury, because again defendants failed to offer evidence of any damages resulting from the breach.

In conclusion, we find no evidence sufficient to go to the jury on defendants' counterclaim except as to the alleged war-

ranty concerning the removal by plaintiff of trash on the property. Judgment on defendants' counterclaim is vacated. The cause is remanded to the District Court of Wilkes County for proceedings on defendants' counterclaim consistent with this opinion.

Vacated and remanded.

Judges MORRIS and HEDRICK concur.