BERGER, Judge.
 

 *691
 
 Donald Sullivan ("Sullivan") appeals a February 14, 2017 order granting summary judgment to TOG Properties, LLC ("TOG Properties")
 

 *119
 
 on its cross-claim for declaratory judgment. This dispute arose over which party, Sullivan or TOG Properties, owned certain timbered property at the time it was damaged by a fire allegedly set by Karen Pugh ("Pugh")
 

 *692
 
 on April 14, 2012. Whichever party owned the property at the time of the fire would hold any legal claims against Pugh resulting from the damages to the property as a result of the fire. Sullivan appeals, arguing that the trial court erred in granting TOG Properties' summary judgment motion because this ruling denied him his right to a jury trial and because there was a genuine issue of material fact which should have precluded the trial court from granting the motion. We disagree.
 

 Factual and Procedural Background
 

 On June 1, 2006, TOG Properties purchased approximately 1500 acres of timbered real property in Pender County, North Carolina from B&N Properties of Pender, LLC ("B&N"). B&N financed the sale to TOG Properties, secured by a deed of trust. At the time of the sale, Kenner Day ("Day") was a manager of TOG Properties as well as the designated registered agent of TOG Properties in North Carolina. On May 9, 2010, Day was terminated as TOG Properties' president and was removed from the company. On July 16, 2010, TOG Properties filed for bankruptcy, and B&N subsequently filed a proof of claim as senior creditor with a claim to the real property and assigned its interest to Sullivan, its sole shareholder and manager.
 

 On April 14, 2012, Pugh set a fire near her home on property adjacent to the property at issue in this appeal damaging approximately 500 acres of timber. At the time of the fire, TOG Properties still maintained ownership of the property. Sullivan subsequently foreclosed on the property, and on October 20, 2012, Sullivan purchased the property in a foreclosure sale at the Pender County Courthouse. In the following months, Day, the former president and manager of TOG Properties, sent letters and executed documents purporting to transfer TOG Properties' legal and equitable interests in any proceeds or claims related to the fire to Sullivan.
 

 Sullivan filed an amended complaint against Robert Wayne and Karen Pugh on February 3, 2015 alleging negligence and negligence
 
 per se
 
 seeking damages for the burning of the timber on the property now owned by Sullivan. On April 10, 2015, TOG Properties also filed a complaint against Pugh seeking to recover damages resulting from the fire. TOG Properties additionally filed a cross-claim against Sullivan seeking a declaratory judgment that it was the owner of the property at the time of the fire and was, therefore, the sole owner of any claims against Pugh.
 

 On November 16, 2016, TOG Properties filed a motion for summary judgment on its cross-claim for declaratory judgment. The trial court
 
 *693
 
 granted summary judgment in TOG Properties' favor on February 14, 2017, and it is from this order that Sullivan timely appeals.
 

 Analysis
 

 Sullivan argues first that his constitutional right to a trial by jury was denied when the trial court granted TOG Properties' motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. He asserts that, although Rule 56 is "a commendable attempt by the judiciary to extend its power in order to reduce its docket and render the courts more efficient," it is nevertheless "blatantly unconstitutional," treasonous, and should not be tolerated. In support of his argument, Sullivan cites our North Carolina Constitution, Article I, Section 25, which states that "[i]n all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." N.C. Const. art. I, § 25.
 

 It is true that "[t]he right to a jury trial is a substantial right of great significance."
 
 Mathias v. Brumsey
 
 ,
 
 27 N.C. App. 558
 
 , 560,
 
 219 S.E.2d 646
 
 , 647 (1975),
 
 disc. review denied
 
 ,
 
 289 N.C. 140
 
 ,
 
 220 S.E.2d 798
 
 (1976). However, "[t]he constitutional right to trial by jury, N.C. Const. Art. I, § 25, is not absolute; rather, it is premised upon a preliminary determination by the trial judge that there indeed exist genuine issues of fact and credibility which require submission to the jury."
 

 *120
 

 Bank v. Burnette
 
 ,
 
 297 N.C. 524
 
 , 537,
 
 256 S.E.2d 388
 
 , 396 (1979). As both the United States Supreme Court stated in
 
 Ex parte Wall
 
 and this Court adopted in
 
 In re Bonding Co.
 
 , " 'it is a mistaken idea that due process of law requires a plenary suit and a trial by jury[ ] in all cases where property or personal rights are involved.' "
 
 In
 

 re Bonding Co.
 
 ,
 
 16 N.C. App. 272
 
 , 277,
 
 192 S.E.2d 33
 
 , 36 (brackets omitted) (quoting
 
 Ex parte Wall
 
 ,
 
 107 U.S. 265
 
 , 289,
 
 2 S.Ct. 569
 
 ,
 
 27 L.Ed. 552
 
 (1883) ),
 
 cert. denied and appeal dismissed
 
 ,
 
 282 N.C. 426
 
 ,
 
 192 S.E.2d 837
 
 (1972).
 

 Therefore, because "[t]he right to a jury trial accrues only when there is a genuine issue of fact to be decided at trial,"
 
 State ex rel. Albright v. Arellano
 
 ,
 
 165 N.C. App. 609
 
 , 618,
 
 599 S.E.2d 415
 
 , 421 (2004), we must resolve Sullivan's other argument raised in his appeal, whether the trial court erred in granting TOG Properties' motion for summary judgment. Specifically, Sullivan argues that there remains the genuine issue of material fact that requires determination by a jury: whether Day had the apparent authority as an agent of TOG Properties to transfer TOG Properties' legal and equitable interests in any proceeds or claims related to the fire.
 

 *694
 
 "The doctrine of summary judgment requires cautious application, ensuring that no litigant is unjustly deprived of his right to try disputed factual issues."
 
 Leiber v. Arboretum Joint Venture, LLC
 
 ,
 
 208 N.C. App. 336
 
 , 344,
 
 702 S.E.2d 805
 
 , 811 (2010) (citation omitted),
 
 disc. review denied
 
 ,
 
 365 N.C. 195
 
 ,
 
 711 S.E.2d 433
 
 (2011). Citing Rule 56 of the North Carolina Rules of Civil Procedure, our Supreme Court explained summary judgment in
 
 Dalton v. Camp
 
 , stating that it
 

 is a device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. The rule is designed to eliminate the necessity of a formal trial where only questions of law are involved and a fatal weakness in the claim of a party is exposed.
 

 Dalton v. Camp
 
 ,
 
 353 N.C. 647
 
 , 650,
 
 548 S.E.2d 704
 
 , 707 (2001) (citations omitted). Therefore, if "the trial court determines that only questions of law, not fact, are at issue," a trial is not necessary and is to be eliminated, along with the attendant opportunity for the nonmoving party to present its facts to a jury.
 
 Loy v. Lorm Corp.
 
 ,
 
 52 N.C. App. 428
 
 , 437,
 
 278 S.E.2d 897
 
 , 903-04 (1981).
 

 "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. Moreover, the party moving for summary judgment bears the burden of establishing the lack of any triable issue."
 
 Dalton
 
 ,
 
 353 N.C. at 651
 
 ,
 
 548 S.E.2d at 707
 
 (citations omitted). Therefore, we must determine whether the trial court could correctly assert as a matter of law that "Day did not have authority, actual or apparent, to act on behalf of TOG Properties when the Day letters were executed," namely, Day had no actual or apparent agency relationship with TOG Properties at the time he transferred TOG Properties' substantive rights to Sullivan. If no agency relationship existed at that time, then the purported transfer of rights was void. "Unless there is but one inference that can be drawn from the facts, whether an agency relationship exists is a question of fact for the jury. If only one inference can be drawn from the facts then it is a question of law for the trial court."
 
 Hylton v. Koontz
 
 ,
 
 138 N.C. App. 629
 
 , 635-36,
 
 532 S.E.2d 252
 
 , 257 (2000) (citing
 
 Hoffman v. Moore Regional Hospital
 
 ,
 
 114 N.C. App. 248
 
 , 250,
 
 441 S.E.2d 567
 
 , 569,
 
 disc. review denied
 
 ,
 
 336 N.C. 605
 
 ,
 
 447 S.E.2d 391
 
 (1994) ),
 
 disc. review denied and dismissed
 
 ,
 
 353 N.C. 373
 
 ,
 
 546 S.E.2d 603
 
 -04 (2001).
 

 *695
 
 "[A]n agent is one who acts for or in the place of another by authority from him. Two factors are essential in establishing an agency relationship: (1) the agent must be authorized to act for the principal; and (2) the principal must exercise control over the agent."
 
 Leiber
 
 ,
 
 208 N.C. App. at 344
 
 ,
 
 702 S.E.2d at 811
 
 (citations, quotation marks, and brackets omitted). A principal will only be held liable to a third person for the actions of his agent "when the agent acts within the scope of his or her actual authority; when a contract, although unauthorized, has been ratified; or when the agent acts within the scope of his or her apparent authority, unless
 
 *121
 
 the third person has notice that the agent is exceeding actual authority."
 
 First Union Nat'l Bank v. Brown
 
 ,
 
 166 N.C. App. 519
 
 , 527,
 
 603 S.E.2d 808
 
 , 815 (2004) (citation omitted). Furthermore, the doctrine of apparent authority
 

 may not be invoked by one who knows, or has good reason for knowing, the limits and extent of the agent's authority. In such case the rule is: Any apparent authority that might otherwise exist vanishes in the presence of the third person's knowledge, actual or constructive, of what the agent is, or what he is not, empowered to do for his principal.
 

 Commercial Solvents v. Johnson
 
 ,
 
 235 N.C. 237
 
 , 242,
 
 69 S.E.2d 716
 
 , 720 (1952) (citation and quotation marks omitted).
 

 Here, the uncontroverted evidence presented to the trial court in support of TOG Properties' summary judgment motion "indicated that Day's role as President of TOG Properties had been terminated on May 9, 2010"; thus, Day had no actual authority after that date. Additionally, no allegations were made that the establishment of a contract, or ratification of a contract, between TOG Properties and Sullivan is an issue. Therefore, our final determination is whether, as a matter of law, Day had the apparent authority to bind TOG Properties to the transfer to Sullivan of its right to seek compensation for its damages caused by the April 2012 fire.
 

 Sullivan presented no evidence beyond the assertions in his pleadings to oppose TOG Properties' motion for summary judgment. The exhibits and affidavits presented to the trial court in support of TOG Properties' motion showed that Sullivan knew, or had good reason for knowing, that Day had no authority to bind TOG Properties. First, the evidence tended to show that Sullivan had been served TOG Properties' bankruptcy petition in 2010 as a creditor of the company. The Statement of Financial Affairs served on Sullivan with the bankruptcy petition listed Day under the section "Former partners, officers, directors and
 
 *696
 
 shareholders" as an officer or director of TOG Properties "whose relationship with the corporation terminated within one year immediately preceding the commencement of [the bankruptcy] case." The date of Day's termination was listed as May 9, 2010. Second, the agreement purporting to cede any rights to any insurance claims resulting from the 2012 fire was introduced to the trial court in support of TOG Properties' motion. This agreement between Day and Sullivan, which they had sworn to, signed, and notarized in November and December of 2014, twice identified Day as a
 
 former
 
 member and registered agent of TOG Properties. Sullivan makes no attempt to explain what authority a
 
 former
 
 member or agent may reasonably possess that could bind his principal.
 

 Because only one inference can be drawn from the facts presented to the trial court for summary judgment, whether an agency relationship existed between Day and TOG Properties is a question of law for the court, and was correctly settled through summary judgment. No genuine issue of fact or credibility exists which would require submission of this question to the jury; therefore, Sullivan has no constitutional right to trial by jury.
 

 Conclusion
 

 The trial court did not err in ordering that, because no genuine issue of material fact existed, it could determine the rights, status, and legal relations of TOG Properties and Sullivan as a matter of law. Therefore, the order granting summary judgment to TOG Properties is affirmed.
 

 AFFIRMED.
 

 Judges DAVIS and ZACHARY concur.