An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-1081

Filed 1 April 2026

Guilford County, No. 25CV004743-400

JUDITH A. HERNANDEZ, Plaintiff,

v.

JUSTIN BEDDINGFIELD, and BRANDI BEDDINGFIELD, Defendants.

Appeal by defendants from orders entered 17 June 2025 and 18 June 2025 by Judge Tomakio S. Gause in Guilford County District Court. Heard in the Court of Appeals 10 March 2026.

*Ruby Chase Taliercio, PLLC, by Jennifer L. Ruby, for plaintiff-appellee.*

*Justin Beddingfield and Brandi Beddingfield, pro se, for defendant-appellants.*

FLOOD, Judge.

Defendants Justin Beddingfield and Brandi Beddingfield appeal from the trial court's orders granting Plaintiff Judith A. Hernandez's motion to dismiss and motion for summary judgment. On appeal, Defendants argue they were denied their right to a jury trial when the trial court dismissed Defendants' counterclaim and granted summary judgment in Plaintiff's favor.

## I. <u>Factual and Procedural Background</u>

Plaintiff is the owner of real property located at 1153 Hawick Drive, High Point, North Carolina 27262 (the "Premises"). Defendants have been tenants at the Premises since 5 January 2018. In October 2024, Plaintiff sent a letter to Defendants notifying them that their lease would not be renewed, and they would have to vacate the Premises before or on 5 January 2025.

After Defendants failed to vacate the Premises after the end of the lease period, Plaintiff initiated a summary ejectment action against Defendants, seeking possession of the Premises. Defendants filed an answer and asserted a counterclaim in which Defendants alleged Plaintiff failed to make repairs to keep the Premises in a "fit and habitable condition" and failed to maintain the Premises. On 14 March 2025, the magistrate dismissed Defendants' counterclaim and entered a judgment in Plaintiff's favor. Defendants timely appealed to the district court.

Plaintiff subsequently filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and a reply to Defendants' counterclaim. A month later, Plaintiff filed a motion for summary judgment and attached an affidavit by Plaintiff.

The trial court heard Plaintiff's motions on 12 June 2025. After the hearing, the trial court granted Plaintiff's motions in orders dated 17 June and 18 June 2025, thereby dismissing Defendants' counterclaim and granting summary judgment in favor of Plaintiff. Defendants timely appealed.

## II. <u>Jurisdiction</u>

This Court has jurisdiction over an appeal from a final judgment from a district court pursuant to N.C.G.S. § 7A-27(b) (2023).

## III. <u>Standard of Review</u>

This Court reviews constitutional questions, orders granting motions to dismiss, and orders granting summary judgment de novo. *See Woody v. Vickrey*, 276 N.C. App. 427, 440 (2021); *see also Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348 (2001); *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679 (2022); *Poovey v. Vista N.C. Ltd. P'ship*, 271 N.C. App. 453, 460 (2020). Summary judgment "is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.'" *Poovey,* 271 N.C. App. at 460 (quoting *In re Will of Jones*, 362 N.C. 569, 573–74 (2008)).

## IV. <u>Analysis</u>

On appeal, Defendants argue the trial court violated their right to a jury trial under the Seventh Amendment to the United States Constitution and Article I, Section 25 of the North Carolina Constitution. We disagree.

"[T]he [S]eventh [A]mendment of the United States Constitution, guaranteeing jury trials in federal courts," has not been applied to state courts. *State ex rel. Rhodes v. Simpson*, 325 N.C. 514, 520–21 (1989) (citing *In re Clark*, 303 N.C. 592, 606 n. 8 (1981)); *Caudle v. Swanson*, 248 N.C. 249, 259 (1958) ("It is well settled that the [Seventh] Amend[ment] to the [United States] Constitution applies only to

the federal courts and not to the state courts."); *Williams v. Williams*, 13 N.C. App. 468, 470 (1972); *In re Ferguson*, 50 N.C. App. 681, 683 (1981). Here, the trial court is a state court, not a federal court. Consequently, the trial court did not violate Defendants' rights under the Seventh Amendment to the Constitution of the United States. *See Caudle*, 248 N.C. at 259.

Article I, Section 25 of the North Carolina Constitution provides for the right to a trial by jury in civil cases. *See* N.C. Const. art. I, § 25. "[T]he constitutional right to trial by jury . . . is not absolute; rather, it is premised upon a preliminary determination by the trial judge that there indeed exist genuine issues of fact and credibility which require submission to the jury." *Sullivan v. Pugh*, 258 N.C. App. 691, 693 (2018) (quoting *Bank v. Burnette*, 297 N.C. 524, 537 (1979)). Further, the "right to trial by jury accrues only where there is a genuine issue of fact to be decided at trial." *Id.* (quoting *State ex rel. Albright v. Arellano*, 165 N.C. App. 609, 618 (2004)).

In assessing a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, a court "test[s] the law of a claim, not the facts which support it[,]" *White v. White*, 296 N.C. 661, 667 (1979) (citation and internal quotation marks omitted), and determines whether a party has stated "enough to satisfy the substantive elements of at least some legally recognized claim[,]" *Bottom v. Bailey*, 238 N.C. App. 202, 206 (2014) (quoting *Strickland v. Hedrick*, 194 N.C. App. 1, 20 (2008)). Consequently, a judge granting a motion to dismiss under Rule 12(b)(6) determines that, "as a matter of law, the allegations of the complaint, treated as true,

are [in]sufficient to state a claim upon which relief may be granted under some legal theory." *Carlisle v. Keith*, 169 N.C. App. 674, 681 (2005).

"[U]nlike a motion to dismiss under Rule 12(b)(6), the purpose of summary judgment under Rule 56 is not to test the legal sufficiency of the pleadings, but rather, . . . to provide an efficient method for determining whether a material issue of fact actually exists[,]" *Brittian ex rel. Hildebran v. Brittian*, 243 N.C. App. 6, 10 (2015) (citation and internal quotation marks omitted), and "thereby eliminate the necessity of a formal trial where only questions of law are involved and a fatal weakness in the claim or defense of a party is exposed[,]" *Ellis v. White*, 156 N.C. App. 16, 21 (2003) (quoting *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 641–42 (1981)).

Here, the trial court did not deprive Defendants of their right to a jury trial because the trial court determined there were no issues of fact or credibility warranting a jury trial. *See Sullivan*, 258 N.C. App. at 693. Further, by dismissing Defendants' counterclaim, the trial court determined that, *as a matter of law*, Defendants failed to state a claim upon which relief could be granted. *Carlisle*, 169 N.C. App. at 681. A determination regarding a matter of law, however, does not implicate a party's right to a jury trial. *See Erickson v. Starling*, 235 N.C. 643, 654 (1952) ("Issues of law must be tried by the judge; but issues of fact must be tried by a jury, unless trial by jury is waived."). Because the trial court granted Plaintiff's motion to dismiss and motion for summary judgment, all the claims in Plaintiff's complaint and Defendants' counterclaims were addressed. Therefore, no claims

existed to be brought before a jury. Accordingly, the trial court did not deprive Defendants of their right to a jury trial by granting Plaintiff's motions. *See Sullivan*, 258 N.C. App. at 693.

Lastly, we note Defendants argue in their reply brief that the trial court deprived Defendants of their right to a jury trial because Defendants' pleadings and evidence raised genuine issues of material fact. Defendants, however, made this argument too late, as a reply brief "does not serve as a way to correct deficiencies in the principal brief." *Cape Homeowners Ass'n, Inc. v. S. Destiny, LLC*, 292 N.C. App. 374, 380, *review denied*, 906 S.E.2d 480 (N.C. 2024) (quoting *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74 (2015)). Since Defendants failed to make this argument in their principal brief to this Court, we decline to address it. *See Hardin v. KCS Int'l, Inc.*, 199 N.C. App. 687, 707 (2009) ("[I]n order to properly present the issue for appellate review, [the appellant] should have included the contention in his main brief.").

## V. <u>Conclusion</u>

Upon careful review, we conclude the trial court did not violate Defendants' right to a jury trial by granting Plaintiff's motion to dismiss and motion for summary judgment. We therefore affirm the trial court's orders.

AFFIRMED.

Judges TYSON and CARPENTER concur.

Report per Rule 30(e).